## Gilbert v. Commonwealth.

(Decided May 1, 1925.)

### Appeal from Harlan Circuit Court.

Criminal Law—Refusal of Instruction to Acquit on Certain Hypothesis Held Not Error, in View of Instruction Given.—In prosecution for unlawful possession of intoxicating liquor, where jury were instructed that before they could convict accused they must believe beyond reasonable doubt that he had whiskey in his possession, refusal of instruction to acquit if whiskey belonged to another held not error.

J. S. FOSTER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, John Gilbert, was indicted, tried and convicted in the Harlan circuit court for the offense of having intoxicating liquor in his possession. He appeals and urges, through his counsel, only one ground for reversing the judgment, which is that the court failed to properly instruct the jury. Three witnesses were introduced by the Commonwealth, and the substance of their testimony was that they and he went together to his residence in Harlan county and that he had with him a paper sack from which he took a pint of whiskey after arriving at his home and sat it on the mantel. He afterwards procured it and gave each member of the party a drink while in his house. One of the witnesses was Sam Jones, who acknowledged, and it was otherwise proven, that he also had along with him a quart of whiskey and from which, perhaps, the parties also took a drink on the same occasion.

Defendant admitted that there was both a pint and a quart of whiskey in his house, but he denied that any of it was his, and stated that both packages belonged to Jones and were carried there by him and that he had nothing to do with any of it nor did he handle the pint at all. His complaint on this appeal is that under the testimony it was the duty of the court to instruct the jury, in addition to the usual instructions in such cases, that if they believed the whiskey belonged to Jones they should find the defendant not guilty. In other words, his insistence is that it was the duty of the court to incorporate in its instructions the facts he relied on to show his innocence, notwithstanding the jury, under other instructions of the court, were told that before they could convict him they must believe beyond a reasonable doubt that he had in his possession the whiskey about which the Commonwealth's witness testified. Carried to its logical conclusion the contention of defendant would require the court in the trial of every criminal prosecution to single out in the instructions every fact for which there was any testimony to support tending to show and establish innocence. If it was a murder charge and defendant claimed another person did the killing it would become the duty of the court, under his contention, to specifically instruct the jury, in addition to the reasonable doubt as to his guilt, that if they believed that the other person committed the crime, then they should acquit defendant. The same would be true in the case where an *alibi* was relied on, or any other state of facts which, if true, showed that the accused was not or could not be guilty.

Neither text writers nor opinions from this court indorse any such rule of practice. On the contrary, we held in the case of Wallace v. Commonwealth, 187 Ky. 775; Joy v. Commonwealth, 203 Ky. 426; Hubbard v. Commonwealth 207 Ky. 76, and McDowell v. Commonwealth, 207 Ky. 680, that no such specific instruction was required, and that defendant's rights were fully protected under the general instruction requiring the jury to believe beyond a reasonable doubt that he was guilty before they could convict him. In the Wallace case the defense was attempted to be established by proving an *alibi*, and it was insisted that it was the duty of the court to instruct the jury, in substance, that if they believed defendant was not present at the time and place of the homicide they would acquit him, but we held that he was entitled to no

such instruction. In the Joy case complaint was made because the court did not instruct the jury to find defendant not guilty if they believed an unknown person committed the robbery, with which he was charged and which he claimed was true, but we held that the rules of criminal practice required no such instruction. The Hubbard case was the same offense as this one and the same contention was made, and in denying it we said: "We cannot, however, agree with that contention, since the jury were plainly told that they could not convict defendant unless they believed beyond a reasonable doubt that he himself possessed the whiskey."

It is, therefore, clear that the only ground relied on for a reversal is entirely without merit, and there being no other urged by counsel or found in the record, either meritorious or unmeritorious it results that the judgment must be and it is affirmed.