## Moore v. Commonwealth.

(Decided October 12, 1923.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Affidavit Held to Support Search Warrant.
—An affidavit for a search warrant, setting forth the facts that defendant had in his possession and under his control an illicit still, and giving the location of his property, with sufficient description to enable the officers executing the warrant to find and know the premises, held sufficient.

2.  Intoxicating Liquors—Affidavit for Search Warrant, stating Facts Without Reasons, Sufficient.—A statement of fact in an affidavit for a search warrant, without the assignment of reasons, is sufficient to authorize a judicial officer to issue a search warrant.

3.  Criminal Law—Certified Copies of Affidavit and Search Warrant Admissible.—Where search warrant issued by a United States commissioner ·was ,in regular form and not challenged by defendant, certified copies of the affidavit and warrant, made by the clerk of the federal court, were admissible in evidence, in view of Ky. Stats., section 1635, as against objection that the originals must be produced.

4.  Intoxicating Liquors—Evidence Sufficient to Sustain Conviction of Unlawfully Having in Possession Illicit Still.—Evidence held amply sufficient to sustain a conviction for unlawfully having in possession an illicit still.

W. E. AUD and ELMER L. BROWN for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Moore, was accused ·by indictment in the Daviess circuit court of the offense of unlawfully having in possession an illicit still, designed for the unlawful manufacture of intoxicating liquors. He was found guilty and his punishment fixed at a fine of $500.00 and by confinement in the county jail four (4) months. In his motion for a new trial he sets forth eight (8) alleged reasons as follows:

"First, the court erred to the substantial rights of the defendant in overruling his motion for a directed verdict at the conclusion of the evidence by the Commonwealth, to which ruling the defendant objected and excepted at the time.

"Second, the court erred to the substantial rights of the defendant in overruling his motion for a directed verdict at the conclusion of all the evidence, to which ruling the defendant objected and excepted at the time.

"Third, the court erred to the prejudice of the substantial rights of the defendant in overruling his demurrer to the indictment, to which he objected and excepted at the time.

"Fourth, the court erred to the substantial rights of the defendant in allowing incompetent and irrelevant evidence introduced by the Commonwealth, to the introduc-

tion of which he objected and excepted at the time and still excepts.

"Fifth: The court erred in giving instructions Nos. 1 and 2, to which the defendant objected and excepted at the time, and the court erred in failing to instruct on the whole law of the case.

"Sixth: The verdict of the jury is contrary to the law and evidence.

"Seventh: The court erred to the prejudice of the substantial rights of the defendant in allowing the Commonwealth to file a copy of the search warrant issued by J. R. Higdon, United States commissioner, which was attested by Miss M. E. Dunn, deputy United States clerk, at Owensboro, Ky., without showing by the officer who issued the search warrant any reason for failing to bring into court the search warrant itself, or the original search warrant, and without giving any reason why the original search warrant could not be produced; and this the court did over the objections of the defendant, to which ruling of the court the defendant objected and excepted at the time.

"Eighth: The verdict of the jury is the result of passion and prejudice."

The principal insistence of appellant is that the court erred to the prejudice of his substantial rights in overruling his motion for a directed verdict in his favor. This is based largely, if not entirely, upon his further contention that the officers who made the arrest and found the moonshine still on his premises were acting under an invalid warrant. The affidavit upon which the search warrant issued is assailed as insufficient to support it. It was made before a commissioner of the United States district court for the western district of Kentucky, at Owensboro, and reads as follows:

"UNITED STATES OF AMERICA,  
WESTERN DISTRICT OF KENTUCKY, }ss.  
OWENSBORO DIVISION

AFFIDAVIT FOR SEARCH WARRANT

"BE IT REMEMBERED, that on this day, before me, the undersigned, a United States commissioner for the western district of Kentucky, Owensboro division, came Wm. T. Mastin, who, being by me duly sworn, deposes and says that the laws of the United States, namely, the Na-

tional Prohibition Act, ――, Revised Statutes, are being violated by reason of these facts, to-wit: That John Moore has in his possession or under his control illicit stills, and manufacturing intoxicating liquor, and been selling said liquor or giving it to Herman Pence and Jesee D. Pool in Daviess county, Kentucky, near Friendly Grove schoolhouse on a farm located or situated on the right hand side of the Owensboro and Hawesville road, about three miles north of Knottville, Kentucky, same being a one-story, two-roomed log and frame house and other outbuildings near to or adjacent thereto on the premises either owned or rented by the said John Moore. Reasons for believing same is that I hold two affidavits supporting above facts, being the premises of John Moore, and being situated in the county of Daviess, and state of Kentucky, and within the district above named.

"(Signed) WM. T. MASTIN (Affiant.)

"Sworn to before me, and subscribed in my presence, this 7th day of March, A. D. 1923.

"(Signed) JAMES R. HIGDON,

"United States Commissioner as aforesaid."

(Seal)

It will be observed that the affidavit sets forth the facts that appellant Moore has in his possession and under his control an illicit still and gives the location of his property with sufficient description to enable the officers executing the search warrant to find and know the premises. This affidavit we think was entirely sufficient, for we have held that a statement of fact in an affidavit without the assignment of reasons is sufficient to authorize a judicial officer to issue a search warrant. Mattingly v. Commonwealth, 197 Ky. 583; Head v. Commonwealth, 199 Ky. 222.

The search warrant is in the regular form and is not challenged by appellant.

Appellant insists, however, that the Commonwealth is required at the instance of the defendant to produce the search warrant in order to make the evidence given by the officers competent against him, and relies upon the case of Adams v. Commonwealth, 197 Ky. 235, where we said in substance that when an objection is made to evidence because procured under a defective search warrant it becomes necessary for the Commonwealth to introduce the original search warrant or to account for its loss. In

this case the Commonwealth introduced certified copies of the search warrant and affidavit on file in the office of the clerk of the federal court. To this evidence appellant objected, because they were not the originals but only copies. His objection was overruled, and he now insists that this was error.

In the recent case of Wagner v. Commonwealth, 199 Ky. 824, we held that certified copies of an affidavit and search warrant or other proceedings had in the federal court may be introduced as originals in the state court when properly authenticated. This is permissible under section 1635, Kentucky Statutes. The search warrant and affidavit in this case were certified by the clerk of the federal court in the manner provided by our statutes, which certificate carried the seal of that court. They were each properly authenticated and were competent as evidence in the same manner as the original warrant and affidavit would have been.

The evidence against appellant, Moore, is overwhelming. The still was found on his premises and in about 150 yards of his house and there was a beaten path from his door to it. Near it was appellant's hog pen and hogs. He owned the lands. When the officers arrived with the search warrant and called at the house for appellant they were told by his wife that he was not at home, but when the officers started down the path towards the distillery they met appellant on a horse coming up the path from the direction of the still. From his pocket was protruding at least one bottle of whiskey, and when taken into custody several bottles of moonshine whiskey were found on him. He denied all knowledge of the distillery and said he did not know it was there. Later he tacitly admitted on cross-examination that he did know about the distillery and knew how to operate it. The evidence was amply sufficient to support the finding of the jury.

Appellant's contention that the indictment is subject to demurrer is without merit. We have been unable to find any error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.