## Munson v. Commonwealth, for Use of City of Owenton

(Decided December 4, 1923.)

### Appeal from Owen Circuit Court.

1. Intoxicating Liquors—Liquor Discovered in Suitcase Properly Seized Without Search Warrant.—Where officers appeared at house for purpose of search, but before they were admitted defendant ran out of the rear door with a suitcase, and when pursued threw the suitcase away, liquor in the suitcase could be seized without a search warrant, where the suitcase was wet with liquor, and it gave off odors.

2. Intoxicating Liquors—Affidavit for Search Warrant Held Sufficient. Affidavit that accused "unlawfully had whiskey, beer, or other intoxicating liquors for sale in his residence" was sufficient to create probable cause in the mind of the police judge, and to warrant issuance of search warrant.

3. Criminal Law—Custody Under Bond Notwithstanding Appeal to Circuit Court.—One convicted of unlawful transportation of intoxicating liquors, who failed to execute a bond to keep the peace and not to traffic in intoxicating liquors as ordered by a police court, should be held in custody for a period of 90 days, even though he appealed to the circuit court.

4. Criminal Law—Circuit Court on Appeal should Not Order Peace Bond.—Where one was convicted in police court and ordered to execute a bond to keep the peace and not to traffic in intoxicating liquors, the circuit court should not, on appeal and conviction, enter another order requiring a peace bond, but should have remanded accused to the judgment of the police court to satisfy the order requiring of him bond to keep the peace.

J. H. SETTLE for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and W. A. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

A search warrant was sued out in the Owenton police court to search the premises of one Pack Munson, who lived in that town. Late at night the officers, armed with the warrant, went to the residence of Munson for the purpose of searching for whiskey and of arresting persons found there in the unlawful possession of whiskey. When the chief of police knocked upon the front door of the Munson home a commotion was heard in the house; a young lady came to the door and said she would inform her father, then in bed, that the marshal was there; in the meantime appellant, Perry Munson, in his night clothes only, leaped from the back door of the house carrying a large suitcase and ran down through the garden, the deputy policeman in pursuit. When about to be caught Perry Munson threw the suitcase from him and continued to run but was soon overtaken by the officer. After arresting him the officer picked up the suitcase and came back to the front of the house before the marshal knew of the arrest or had been admitted to the house. No search was made of the premises; none was necessary because Perry Munson, with the suitcase filed with liquor, had been caught and placed in custody. The suitcase was wet, apparently with liquor, some of which no doubt had spilled inside, and gave off strong odors of whiskey. It was carried to the police judge and

delivered into his keeping. The trial in the police court resulted in a conviction, the punishment being fixed at forty days in jail and a fine of $200.00. From that judgment Munson appealed to the Owen circuit court and superseded the judgment. Motion being made to elect which offense charged in the warrant the Commonwealth would prosecute, it elected to prosecute for "unlawfully transporting liquor." The jury trying the case in the circuit court found the appellant, Perry Munson, guilty and fixed his punishment at $100.00 and thirty (30) days in the county jail. In addition to entering judgment on the verdict, the court, as required by statute, required a peace bond of appellant, the order reading:

"It is further adjudged by the court that the defendant execute a bond in the sum of $1,000.00 to be of good behavior for twelve months and not violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquor and that upon failure of defendant to execute said bond, he be committed to the jail of Owen county for a further period of ninety (90) days. To all of which the defendant, by attorney, excepts."

Appellant now insists that the judgment should be reversed for the reason the evidence for the Commonwealth given by the policemen was incompetent, having been obtained under and through a search warrant which, it is claimed, was invalid, not being supported by a sufficient affidavit showing the facts; and further insists that so much of the judgment of the circuit court as required of appellant a peace bond and adjudged that in case of failure to execute such bond appellant be confined in the county jail for a period of ninety (90) days, be set aside and annuled because, as he says, such a judgment was entered against him in the police court and carried into execution by the marshal of Owenton taking appellant under a *mittimus* and delivered him to the jailer of Owen county, and that the ninety days for which he was imprisoned under the judgment of the police court for failure to execute the peace bond had expired long before the entry of the judgment in the circuit court, it being his contention that only one bond to keep the peace can be required of him in the same case upon the same facts. It is not claimed, as we understand the record, that Perry Munson actually served ninety days under the order for a peace bond.

We do not think, under the facts in this case, that a search warrant was necessary to justify the arrest of Perry Munson, who was caught carrying a suitcase filled with liquor, because the liquor discovered itself. The suitcase was wet with it and gave off odors, indisputable evidence of the liquor it contained. True, the officers had gone to the premises for the purpose of searching the home of Pack Munson but had not done so, not then having been admitted to the house, when appellant Perry Munson sprang from the rear door and ran down through the garden carrying the suitcase. He threw the suitcase away before he was caught.

The affidavit upon which the search warrant was issued stated as a fact that Pack Munson, whose house it was sued out to search, ''unlawfully had whiskey, beer or other intoxicating liquors, for sale in his residence,'' giving its location in Owenton. Upon this affidavit a search warrant was issued. We have held in several cases that a direct statement of facts in an affidavit such as those set out above, showing that the defendant had whiskey in his possession was sufficient to authorize the issual of a search warrant without a detailed statement of all the facts. The form of jurat of which complaint is made did not alter the case. Such an affidavit as the foregoing was entirely sufficient to create in the mind of the police judge to whom it was presented probable cause for believing that Pack Munson had intoxicating liquors at his residence in Owenton for sale, and the judge of the police court was therefore authorized to issue the search warrant. The affiant did not find the whiskey in the house but found appellant, Perry Munson, carrying it through the garden. When he was pursued he threw it away and the officers found it and discovered that it contained whiskey, and arrested appellant. The evidence was therefore competent.

The police court had jurisdiction under the act of 1922, of the offense, and, as was its duty, entered an order requiring appellant to execute a bond to keep the peace and not to traffic in intoxicating liquors, and in default thereof to be confined in the county jail for ninety (90) days. If the bond was not given the appellant should have been held in custody for a period of ninety (90) days, even though he appealed the case to the circuit

court. The requirement of a peace bond is a preventative remedy, not a part of the punishment. Rodes, et al. v.Gilliam, 197 Ky. 123.

The court should not have, on appeal and conviction, entered another order requiring a peace bond but should have remanded appellant to the judgment of the police court to satisfy the order requiring of him a bond to keep the peace. That part of the circuit court judgment requiring appellant to execute a peace bond is erroneous, but as it is clearly separable from the remainder of the judgment, it alone is set aside. The balance of the judgment will not be reversed for the foregoing reasons.

Judgment affirmed in all other respects.