## Fowler v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Logan Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Possession.—Evidence held sufficient to sustain conviction for unlawful possession of intoxicating liquor.

2. Intoxicating Liquors—Affidavit for Search Warrant Held Sufficient. —Affidavit stating directly that liquor was kept unlawfully on farm and stored in cellar, outhouses, and barns held sufficient to support search warrant.

3. Intoxicating Liquors—Affidavit in Support of Application for Warrant Need Not Be Sworn to Before Officer Issuing Warrant.—Under Acts 1922, c. 33, section 14, affidavit in support of application for search warrant need not be sworn to before officer who issues warrant, but may be sworn to before notary public.

4. Intoxicating Liquors—Affidavit Made on One Day Supports Search Warrant Issued on Next Day.—Affidavit made on one day was sufficient to warrant issuance of search warrant on next day, especially where it asserted that liquor was kept on the premises continuously.

5. Criminal Law—Warrant of Arrest, Attested by One as Judge of County, Held Sufficient.—Warrant of arrest, issued by county judge and attested by him "as judge of L. county," was valid and sufficient, though he is authorized to issue warrants and try offenses as judge of quarterly court in county.

6. Criminal Law—Improper Signing of Warrant Waived by Failure to Object.—That warrant of arrest issued by county judge was attested by him "as judge of L. county," when he was authorized to issue such warrants and try such offenses as judge of quarterly

court in county, was waived, where there was no objection to trial of case on such ground, either in quarterly court or in circuit court.

S. R. CREWDSON and COLEMAN TAYLOR for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, John Fowler, was tried and convicted in the Logan quarterly court under a warrant issued by the judge thereof charging him with the offense "of unlawfully having in his possession spirituous, vinous, malt and intoxicating liquors, to-wit: white whiskey, in the county of Logan, and state of Kentucky," during the year 1923 and before issuing the warrant and not for any of the permissible purposes in the statute. He appealed to the Logan circuit court and was again convicted, and to reverse that conviction he prosecutes this appeal. A long list of supposed errors are argued in counsel's brief as grounds for reversal. Each of them is not only highly technical but none of them, according to our conclusion, possesses merit.

Fowler lived upon a farm in Logan county; he bore the reputation of a bootlegger, a moonshiner and a trafficker in intoxicating liquor, according to the evidence in the record. The county judge issued a search warrant to search his house and premises, which are accurately described in the warrant as well as in the affidavit therefor, and in each of them it is stated that the property to be searched was located in Logan county. The sheriff and his deputies who executed the search warrant met the defendant on their way to his house and about two miles therefrom; whereupon he was informed that they were on their way to search his house and premises and he, riding horseback, agreed to go back with them and did turn around and start in that direction. There had been a recent rain which made the road slick and there was at least one steep hill between that place and defendant's house. The officers in attempting to climb that hill in their automobile in which they were riding had some difficulty, but defendant went on ahead and when the automobile succeeded in ascending the hill they discovered defendant some three-fourths of a mile or a mile ahead of them riding his horse at full speed. When they arrived at his house he was not there but was seen going

through a field some distance away, and he did not appear during the search nor was he seen in Logan county for a number of days thereafter, the fact being that he went immediately to Todd county to one of his brothers for the purpose, as he stated, to assist his brother in covering a barn. He went from there to the Pennyroyal fair in Hopkinsville and from there to Springfield, Tennessee, and after a number of days' outing he returned to Logan county, when he was arrested.

Defendant has a cellar under his house and the officers discovered a number of broken fruit jars therein with a considerable quantity of liquid on its dirt floor with fresh lime spread all over it, and because of the latter fact they did not taste any of the liquid, but they testified that the odor of whiskey in the cellar was very prominent. They also found two fruit jars containing white whiskey in sacks in some weeds in defendant's yard and near his garden, and about twenty-five yards from his house. At a pond nearby they discovered parts of a still and barrels that had contained mash and evidence of the operation of a still, but that evidence was not introduced before or heard by the jury. Defendant's testimony and that of his witnesses on the direct issue of his guilt was to the effect that they knew nothing of the existence of the fruit jars containing the whiskey found in the sacks and they said that the liquid scattered over the floor of the cellar was seep water and that the lime was scattered over it for sanitary purposes. They explained the broken fruit jars by saying that the day before a laborer who worked on the place was bringing some article from the cellar and dropped it into a box of fruit jars thereby breaking them. It will, therefore, be seen that the evidence, if competent, was not only sufficient to submit the case to the jury, but amply so to sustain the verdict. It would render this opinion too long to notice in detail the many unmeritorious objections urged against the judgment, and we will content ourselves with a brief discussion of what may be termed the more prominent ones.

It is insisted that the evidence does not show that defendant's premises were in Logan county in the face of the fact that the search warrant locates the property in that county and the sheriff and the other officers testified that it was the same property described in the warrant. It is also urged that all the evidence is incompetent because neither the search warrant nor the affidavit upon

which it was issued measured up to the requirements of the law as heretofore determined by this court in numerous cases. A possibly sufficient answer to this contention might be that the testimony by the officers as to what they found during the search was not objected to, though defendant did object to the introduction of both the search warrant and the affidavit upon which it was based. We doubt seriously if the objection to the introduction of those documents would be sufficient to raise the question upon which defendant relies under this objection, since if his objection had been sustained he would be in the attitude of preventing the introduction of the testimony furnishing the foundation for the search. But, waiving that question and not now determining it, the affidavit states as a fact that defendants (there being two of them) "*have* whiskey unlawfully in their possession, and that the same *is* kept, stored and sold on the farm occupied and owned by them in Logan county, Kentucky." And following the description of the property it is stated therein that "said whiskey *is* kept, stored and sold on said premises . . . and in the cellar of said dwelling house, and the outhouses on said premises, and in the barns and stables of said premises," and "that said whiskey is white whiskey, and that a stock is kept on hand continuously." The sufficiency of the affidavit as to the existence of the required facts authorizing the search could scarcely be improved upon. Neal v. Commonwealth, 203 Ky. 353, and cases therein referred to. But it is insisted that the affidavit was made before a notary public and not before the county judge, and, therefore, the latter had no authority to issue the warrant based thereon. Section 14 of chapter 33, Acts 1922, page 109, commonly known as the "Rash-Gullion Act," authorizes the officers therein named to issue a search warrant "when affidavit of any state or federal officer, or of any reputable citizen, is filed with him," etc. There is nothing requiring that the affidavit shall be sworn to before the officer who issues the warrant, nor is there any reason therefor, since the purpose of the affidavit is to furnish to the officer information on oath sufficient to create probable cause, and its convincing qualities are as strong when sworn to before one person authorized to administer an oath as before another. We, therefore, find no merit in this contention.

It is next insisted that the affidavit was made on the 9th of August, 1923, and the warrant issued on the next

day, the 10th of August, and the doctrine announced in the case of Link v. Commonwealth, 199 Ky. 778, is relied on in support of this objection. But, in that case the affidavit described the facts as they existed at the time of its making and the warrant was not executed for months thereafter with sufficient intervening time for the conditions to be completely altered and changed. Here there was only one day intervening between the making of the affidavit and the issuing of the warrant, which latter was executed on that day, and in addition thereto the affidavit stated that the whiskey was regularly and continuously kept in the searched premises, and under such circumstances there can be no foundation for the objection now under consideration.

Another objection is that there is nothing to show that the affidavit for the search warrant was actually filed with the county judge who issued the warrant; but we do not agree with this, since we think the record abundantly shows that the search warrant was based upon the affidavit made before the notary public the day before, and that it was before the judge at that time.

The last objection which we will notice, as illustrative of the want of merit in any of them, is that the warrant of arrest issued by the county judge was attested by him "as judge of Logan county," when he is authorized to issue such warrants and try such offenses as judge of the quarterly court in the county. The orders and judgments rendered by him upon the trial under that warrant shows that he was sitting as a quarterly court judge, and the appeal bond from his court to the circuit court recites that it was one "from the judgment of the Logan quarterly court." In addition there was no objection to the trial of the case because of this ground of complaint either in the quarterly court or the circuit court which we think waived this objection, if indeed by any course of reasoning it may be considered as such. But we are not inclined to so consider it. It is well known that the county judge presides over both the county court and the quarterly court and the latter is always open for the trial of misdemeanors, including this class of cases. It is the individual officer who tries the case, and not the court over which he presides. The trial of suits and prosecutions before him when he is not presiding over a *county court* may not be invalidated because he should happen by oversight or mistake to designate himself as judge of the *county court* instead of judge of the *quarterly*

*court,* either in the process which he issues or upon his docket containing the proceedings in the cause. He is all the while the same officer, and it would be trifling with justice to sustain this extreme technicality even were we convinced that there was a scintilla of authority for it.

The other objections urged in brief are on or below a par with those above referred to, and since, as we stated at the beginning, none of them furnishes sufficient grounds to disturb the judgment, it is accordingly affirmed.