## Abshire v. Commonwealth.

(Decided October 7, 1924.)

### Appeal from Todd Circuit Court.

1. Intoxicating Liquors—Matters to be Stated by Affidavit for Search Warrant.—Affidavit for search warrant must either state facts or circumstances from which officer issuing warrant can deter-

mine whether probable cause exists for its issue, or it must charge ultimate facts as actually existing and not merely affiant's belief as to them.

2. Intoxicating Liquors—Affidavit for Search Warrant that Affiant had "Knowledge" Held Insufficient.—Affidavit that affiant "has knowledge that intoxicating liquors" are being kept for sale and ·are sold in violation of law is insufficient to support search war-. rant, implying information and belief and not amounting to affidavit that affiant "knows" such fact.

C. A. DENNY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted of unlawfully possessing spirituous liquor. The Commonwealth's evidence was procured under the authority of a search warrant. The search warrant was based on an affidavit, the questioned part of which reads:

> " . . . that he has knowledge that intoxicating liquors, to-wit, spirituous, vinous or malt liquors are being kept for sale and are sold or otherwise disposed of in violation of law. . . ."

The rule in this jurisdiction is, that an affidavit must state either facts or circumstances from which the officer issuing the warrant can determine whether probable cause exists for its issual, or it must charge the ultimate facts, as actually existing and not merely the affiants belief as to them. Neal v. Com., 203 Ky. 353, and authorities cited.

In the Neal case the affidavit read: "The affiant states that he knows that intoxicating liquors are sold and possessed at said soft drink stand contrary to and in violation of the Kentucky prohibition law."

The court construed the language of the affidavit with reference to the above rules, and reached the conclusion "that there was no material difference between the averment of the affiant that the facts exist, and that he knows that they exist," and held the affidavit sufficient, saying:

> "There is a manifest and material difference in the statement by an affiant that he believes there is whiskey in a described place, and his statement, he

knows there is whiskey there. In the one instance he avoids and in the other he assumes responsibility for the truth of his averment, and it is this difference that marks the dividing line between the cases.

"In the first case the affiant does not furnish the magistrate any basis whatever for determining if poba'ble cause exists. Nor does it afford the accused the basis for action against his accuser for redress, if probable cause does not exist. But if affiant swears that facts constituting probable cause exist, or that he knows that they exist, the magistrate has reasonable grounds for believing same to exist and not dependent on whether or not in his judgment the affiant is worthy of belief. And the accused may proceed against his accuser for damages resultant from such an accusation, if false."

In the definition of the words "knows" and "has knowledge" there may not be a wide difference; but in the sense used in the affidavits and the opinion, *supra,* there is a clear distinction. The latter words do not state the existence of an ultimate fact upon which the magistrate may base a reasonable conclusion. They imply information and belief only and in their use the affiant does not assume responsibility for the truth of his averment. If the ultimate fact charged does not exist, affiant is not liable, either civilly or criminally for their use, and the accused is left without redress. They are therefore insufficient as the basis for a warrant.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.