## Hubbard v. Commonwealth.

(Decided January 30, 1925.)

### Appeal from Pike Circuit Court.

1. Indictment and Information—State's Election to Prosecute Defendant on Single Count of Multifarious Indictment Cures Such Defect.—State's election to prosecute defendant on single count of multifarious indictment cures such defect.

2. Criminal Law—Failure to Instruct that Defendant would Not be Guilty of Possession if Liquor Involved was in Possession of His Wife Held Not Error.—Failure of court to instruct that defendant was not guilty of possessing liquor, if jury believed that possession was that of defendant's wife, held not error, where another instruction required jury to believe beyond reasonable doubt that defendant himself possessed the liquor involved.

3. Intoxicating Liquors—Affidavit of Police Officer Held Sufficient to Create Probable Cause for Issuance of Search Warrant.—Affidavit of police officer, stating as fact that defendant had moonshine whiskey in his residence at the time, is sufficient, under Constitution, section 10, to create probable cause for issuance of search warrant.

4. Criminal Law—That Return on Search Warrant was Erroneously Dated Does Not Render Evidence Found by Searching Officers Incompetent.—That return on search warrant erroneously and by mistake was dated prior to date on which warrant was issued

and executed does not render evidence of the searching officers incompetent.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Upon his trial in the Pike circuit court under a multifarious indictment charging him with all the offenses enumerated in our prohibition statute, commonly known as the "Rash-Gullion Act," the appellant, Harmon Hubbard, was convicted of possessing intoxicating liquors. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal. Upon a demurrer filed to the indictment the Commonwealth elected to prosecute him for possessing liquor, and the defect of multifariousness was thereby cured, under numerous decisions of this court.

The liquor was found in the residence of defendant and he denied knowledge of its being there, and stated that "My wife is a large wife and takes smothering spells and she says a little sup of whiskey will help her and she may have had some whiskey for medical purpose, but I sure did not have any there." His chief complaint on this appeal is the failure of the court, under its duty to instruct upon the whole law of the case, to expressly say to the jury that the defendant was not guilty if they believed under the evidence that his wife was guilty. We cannot, however, agree with that contention, since the jury was plainly told that they could not convict defendant unless they believed beyond a reasonable doubt that *he himself* possessed the whiskey.

It is also contended that the search warrant and affidavit to procure it were defective, but we have carefully examined them and find that they measure up strictly to the requirements as heretofore laid down by this court in numerous cases. The affidavit was made by the chief of police of Elkhorn City and stated as a fact that the defendant had moonshine whiskey in his residence at that time, which we have held in numerous cases was sufficient to create probable cause within the meaning and contemplation of section 10 of our Constitution, two of the latest cases being Abshire v. Commonwealth, 204 Ky. 724, and Neal v. Commonwealth, 203 Ky. 353.

But it is again insisted that the evidence of the searching officers should have been excluded because the return of the search warrant was erroneously and by mistake dated May 15, 1920, when the fact was that the warrant was issued on May 17, 1924, and was executed on that day. The officer testified to the mistake as to the date of the return, but, if he had given no such testimony, it is doubtful if his discoveries under the search warrant would be rendered incompetent therefor, since the incompetence, if it does exist, arises not from what the officer did or said after the search was made, but in what occurred before it was made; and we unhesitatingly conclude that there is no merit in this insistence.

Finding no error in the judgment, it is accordingly affirmed.