## Maier v. Commonwealth.

(Decided October 6, 1925.)

## Appeal from Campbell Circuit Court.

1. Intoxicating Liquors—Instruction Using Moonshine Whiskey in Description of Liquor was Proper.—An instruction that if jury believed defendant possessed moonshine whiskey they would find him guilty was proper, where charge was possession of intoxicating liquor which is denounced in Rash-Gullion Act, since moonshine whiskey was merely descriptive of the liquor.

2. Intoxicating Liquors—Allegations in Affidavit for Search Warrant Held Sufficient.—An affidavit for search warrant, which, after describing premises and naming persons in control, stated as an ultimate fact that intoxicating liquor was at the time wrongfully possessed on premises, was sufficient.

3. Intoxicating Liquors—Evidence Held Sufficient to Sustain Verdict of Jury of Guilty of Unlawful Possession of Intoxicating Liquor.—In prosecution for unlawful possession of intoxicating liquor, evidence held sufficient to warrant submission to jury and to warrant conviction.

SAMUEL ROTTER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Conrad Maier appeals from a judgment of conviction on the charge of unlawfully having intoxicating liquor in his possession and urges as grounds for reversal: (1) Erroneous instructions. (2) Incompetent evidence. (3) He is entitled to a peremptory instruction. (4) Evidence is insufficient to support the verdict.

The first instruction reads in part:

> "If the jury believe from the evidence beyond a reasonable doubt that the defendant, Conrad Maier, on April 19, 1924, in the city of Clifton, Campbell county, Kentucky, possessed, or had in his possession, any spirituous or intoxicating liquor, to-wit, moonshine whiskey, except for sacramental, medicinal, scientific or mechanical purposes, then you will find him guilty. . . . "

On the authority of Sprigg v. Commonwealth, 200 Ky. 559; Potter v. Commonwealth, 202 Ky. 710, it is urged that the possession of moonshine liquor is not denounced as a public offense and that it was error for the court to so instruct the jury. Formerly there was a statute providing a specific punishment for the manufacture of moonshine liquor. The Rash-Gullion Act provided a specific punishment for the unlawful manufacture of intoxicating liquor, which in terms conflicted with the former act, and in the cases cited we held that the former act was thereby repealed and no longer in force; but those opinions do not apply to the case in hand. Here the charge is the possession of "intoxicating" liquors," which is clearly denounced by the Rash-Gullion Act, and the words "moonshine whiskey" are merely descriptive of the liquor which he is charged with having in his possession. Clearly the instruction was proper.

2. The affidavit for the search warrant fully described the premises and the person in control, and further stated, "that intoxicating liquors are wrongfully possessed on said premises in violation of law."

It is urged that this affidavit was fatally defective and the warrant based thereon invalid and the evidence of search incompetent for the reason that the affidavit does not state facts or circumstances upon which the officer issuing the warrant could have determined for

himself whether probable cause existed. Citing Caudill v. Commonwealth, 202 Ky. 730; Maynard v. Commonwealth, 201 Ky. 593. Those cases, however, are to be distinguished from this, in that here the affidavit states as the ultimate fact, that intoxicating liquor was, at the time, wrongfully possessed on the premises named, and is identical in terms with the one discussed in Caudill, &c. v. Commonwealth, 198 Ky. 695, and which was there held to be sufficient, and which ruling has since been followed in Neal v. Commonwealth, 203 Ky. 353.

(3-4)  Conrad Maier lives with his wife and children in the city of Clifton. Their residence is on the front of the lot, which extends back 200 or 300 feet, there being a hen house with a concrete basement in the rear. The officers testify that in the basement of the hen house they found a sixty-gallon still, seven barrels of mash and five gallons of liquor that tasted and smelled like moonshine whiskey. They do not know who owned or controlled the property, but found the defendant in apparent control. It is also shown in evidence that subsequent to the search the defendant filed in the case a verified petition, in which he alleged that he was in control and possession of the premises, and sought to have the evidence procured in the search suppressed on the ground of insufficiency of the affidavit, and while he testifies that his wife owns and controls the premises and rented the chicken house, and that he had no connection with the property or with the still and knew nothing of the latter, we think there was sufficient evidence to submit the case to the jury and to uphold their verdict.

Perceiving no error the judgment is affirmed.