## Duckwall, Sr. v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Intoxicating Liquors—Affidavit for Search Warrant Held Sufficient.—Affidavit for search warrant, stating that affiant had good reasons to believe and did believe intoxicating liquors were being sold or manufactured, or disposed of, or illegally possessed for other than purposes allowed by law, and concluding that affiant knew that intoxicating liquor was possessed and sold on premises contrary to law, held sufficient.

HUGGINS & OLDHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Duckwall, operated a soft drink stand in the city of Louisville, and lived upstairs over his place of business. A search warrant issued directing a search of his premises. It resulted in the finding of a large quantity of intoxicating liquors concealed in one of the upstairs rooms, and a larger quantity of "home brew" was found fermenting at the rear of the house. Appellant defended upon the ground that he did not know the whiskey and "home brew" were on his premises, and denied it was in his possession, but claimed it belonged to some other person whom he did not name.

To reverse the judgment he urges the invalidity of the search warrant because of the insufficiency of the affidavit upon which it was based and issued, and also insists that the trial court erred in overruling his motion to quash the search warrant and suppress the evidence.

The affidavit for the search warrant states that the affiant has "good reasons to believe and does believe intoxicating liquors are being sold or manufactured or disposed of or illegally possessed for other than" the purposes allowed by law, and in conclusion he says: "Affiant states that on this, the first day of March, 1924, he knows that intoxicating liquor is possessed and sold in and upon the above described premises contrary to and in violation of the Kentucky prohibition law."

Appellant's objection to the affidavit, as we understand it, is based upon the first part copied above, which says the affiant "believes" that appellant illegally possessed liquor, and it ignores that part of the affidavit which states as a fact that the affiant "knows that intoxicating liquor is possessed and sold" upon appellant's premises. It has been frequently ruled by this court that an affidavit which states the ultimate fact, that is, states the affiant knows that liquor is possessed by the accused, or knows that liquor is being sold on the premises, or has seen, shortly before the making of the affidavit, liquor in possession or being sold on the premises, is sufficient without going into details or stating how or why he knows the facts. Neal v. Com., 203 Ky. 353; Dolan v. Com., 203 Ky. 400. The affidavit of which appellant complains is, in substance, the same as many affidavits we have here-

tofore approved as sufficient to sustain a search warrant in cases like this.

Appellant's motion to quash the search warrant and suppress the evidence being based upon the alleged insufficiency of the affidavit, must also be overruled, as it is not for the reasons indicated well taken.

Finding no error prejudicial to the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.