## Cosby v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Hardin Circuit Court.

Intoxicating Liquors—Affidavit for Search Warrant, Stating as Ultimate Fact that Intoxicating Liquor was Wrongfully Possessed on Described Premises, Held Sufficient.—Affidavit for search warrant, alleging that defendant had intoxicating liquor stored in a house, fully describing it, and stating that it was now occupied by defendant as residence, and that liquor was possessed by him contrary to law, held sufficient, without setting out facts by which officer issuing warrant could have determined for himself whether probable cause existed for issuing it.

J. E. WISE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant was indicted on a charge of unlawfully having in his possession intoxicating liquor and of having previously been convicted for unlawfully selling intoxicating liquor and was convicted as a second offender, his punishment being fixed at confinement in the penitentiary for one year.

The only ground urged for a reversal is the alleged insufficiency of the affidavit for the search warrant under which the evidence of his guilt was obtained.

The affidavit, in part, is as follows: "The affiant, W. D. Durham, says that John Cosby has spirituous and intoxicating liquor, whiskey, stored in a house," fully de-

scribing the house and stating that it is now occupied by John Cosby as a residence, and that the liquor is possessed by him contrary to law.

It is urged that the affidavit should have set out facts upon which the officer issuing the warrant could have determined for himself whether probable cause existed for issuing it. We have held in a number of cases that an affidavit is sufficient if it states as an ultimate fact that intoxicating liquor is wrongfully possessed on the premises described. See Maier v. Commonwealth, 210 Ky. 441, 276 S. W. 116; Neal v. Commonwealth, 203 Ky. 353, 262 S. W. 287, and cases therein cited.

The affidavit in question meets the requirements named in these cases.

Judgment affirmed.