## Wellman v. Commonwealth.

(Decided March 25, 1927.)

### Appeal from Lawrence Circuit Court.

1. Searches and Seizures.—Warrant to search "the dwelling house . . . of John Wellman, located in Lawrence county, Ky., on the waters of Big Sandy river in the city of Louisa, Ky., near the Ohio Fuel office, and on the same street," sufficiently identified property to be searched; Louisa being only fifth class city.

2. Searches and Seizures.—Affidavit for search warrant stating that affiant is citizen and resident of city of Louisa, Lawrence county, Ky., and lives next door to named person occupying house to be searched, held reasonably sufficient; Louisa being only fifth class city.

3. Intoxicating Liquors.—Affidavit for search warrant, stating ultimate fact of possession of intoxicating liquor, is sufficient to warrant reasonable belief that person named was in unlawful possession thereof.

4.   Intoxicating Liquors.—Court may submit to jury question of defendant's guilt of aiding and abetting another in illegal possession of intoxicating liquor, though he was indicted as principal only.

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of "unlawful possession of intoxicating liquor," and he has appealed.

For a reversal of the judgment, he relies on the alleged invalidity of the search warrant under which his house was searched, with the consequent discovery of certain moonshine whiskey therein, and on a claimed error in the instructions.

Appellant insists that the search warrant and affidavit on which it issued are both defective, in that they fail to properly describe the property to be searched. The property of the appellant is located in the town of Louisa, a city of the fifth class. The affidavit on which the search warrant issued was signed by Polly Picklesimer. So far as pertinent, the affidavit reads:

"The affiant, Polly Picklesimer, states that she is a citizen and resident of Lawrence county, Ky., and resides in the city of Louisa, Ky.; that she lives next door to John Wellman."

The search warrant so far as pertinent reads:

"You are commanded to search the dwelling house, other buildings, premises and person of John Wellman, located in Lawrence county, Ky., on the waters of Big Sandy river in the city of Louisa, Ky., near the Ohio Fuel office and on the same street, and being the same house now occupied by John Wellman."

That the search warrant sufficiently identified the property to be searched cannot be doubted under the opinions of this court in Anderson v. Commonwealth, 207 Ky. 640, 269 S. W. 748; Little v. Commonwealth, 205 Ky. 55, 265 S. W. 433, and Smith v. Commonwealth, 210 Ky. 698, 276 S. W. 495. In the last case the description read:

"That one-story dwelling house, No. 707, and barber shop combined near a blacksmith shop in the

city of Owensboro, Daviess county, Kentucky, and other places adjacent thereto and occupied by Paul Smith.''

In commenting on this description, we said:

"In a large city such description might be inadequate, but in a city the size of Owensboro, where the officers are presumably acquainted with all the places of business and their occupants, and where it is altogether improbable that more than one man named Paul Smith would be occupying a one-story dwelling house and barber shop combined, near a blacksmith shop, and corresponding to No. 707, such description is reasonably sufficient.''

Owensboro is a city of the third class. Louisa is a city of the fifth class, and if the description in the Smith case was sufficient *a fortiori* is it sufficient in the case under consideration. So far as the affidavit on which the search warrant issued is concerned, the language of the court in the Smith case quoted is wholly apposite. In a fifth class city where the officers presumably know the citizens and residents, and where it is altogether improbable that more than one person named Polly Picklesimer lives next door to a man named John Wellman, such description is reasonably sufficient.

Some complaint is made of the affidavit for the search warrant on the ground that it states no facts upon which the officer issuing the warrant could base a reasonable belief that the appellant was in the unlawful possession of intoxicating liquor. The appellant is in error in this, for the affidavit states the ultimate fact of possession, and this has been held many times to be sufficient. Duckwall v. Commonwealth, 212 Ky. 90, 278 S. W. 562.

The only complaint directed to the instructions is that the appellant was indicted as a principal only, and therefore the trial court was without power to submit to the jury the question of his guilt because of his aiding and abetting another in the illegal possession of intoxicating liquor. This contention has been disposed of adversely to the appellant's contention in the recent case of Boggs v. Commonwealth, 218 Ky. 782, 292 S. W. 324.

The judgment of the lower court is affirmed.