## Fugitt v. Commonwealth.

(Decided June 24, 1927.)

Appeal from Lawrence Circuit Court.

1.  Intoxicating Liquors.—Affidavit, specifically stating that defendant was "unlawfully manufacturing intoxicating liquor and keeping the same for sale in his above described dwelling house," held sufficient to justify issuance of search warrant.
2.  Searches and Seizures.—Affidavit for search warrant, stating certain facts not of affiant's own personal knowledge but from information he had received from others, whose names were not given, is insufficient.
3.  Intoxicating Liquors.—In prosecution for illegal manufacture of liquor, evidence, showing only defendant's possession of equipment for manufacturing liquor, held insufficient to go to jury in prosecution for manufacture.

C. F. SEE, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of the illegal manufacture of liquor and has prayed an appeal in this court.

The first ground urged for reversal is that the affidavit on which the search warrant in this case was issued was insufficient. This contention is based on the fact that in one part of the affidavit the affiant states certain facts, not of his own personal knowledge, but from information he had received from others, whose names he does not give. Were this all the affidavit contained appellant's contention would be well founded. Hammond v. Commonwealth, 218 Ky. 791, 292 S. W. 316. But further reading this affidavit, we find, in addition to the foregoing, this statement:

"Affiant further states that said Millard Fugitt is unlawfully manufacturing intoxicating liquor and keeping the same for sale in his above-described dwelling house."

This statement being one of the ultimate fact, the affidavit is sufficient. Wellman v. Commonwealth, 219 Ky. 323, 292 S. W. 779.

The other ground urged for reversal is that the appellant was entitled to a peremptory instruction. It will be remembered that he was indicted for the unlawful manufacture of liquor. No liquor was found on his premises under the search and there is no testimony that he did any manufacturing. It is true that, on the search, materials and appliances needed in the manufacture of liquor were found; but, as we have held in a long line of cases, the proof of the possession of the means of making liquor is insufficient to take the case to the jury in a prosecution for manufacturing liquor. Bartley v. Commonwealth, 215 Ky. 850, 287 S. W. 22, and cases therein cited. It results, therefore, that the appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed, with directions to grant the appellant a new trial consistent with this opinion.