## Commonwealth v. Thomas.

(Decided September 28, 1928.)

### Appeal from Hardin Circuit Court.

Intoxicating Liquors.—Affidavit that named person "has spirituous and intoxicating liquor in her dwelling house" held sufficient to authorize search warrant, and admission of evidence obtained, though stating as their reason for knowing of her possession thereof that they saw the liquor, without fixing the time; posses-

sion thereof being stated as present, existing fact, which was necessarily ascertained through one of senses in the past.

J. W. CAMMACK, Attorney General, and A. P. CUBBAGE for appellant.

H. L. JAMES and H. L. JAMES, JR., for appellee.

OPINION OF THE COURT BY JUDGE REES—Certifying the law.

The appellee was indicted for unlawfully having in her possession intoxicating liquor. The trial court excluded all evidence obtained by reason of a search warrant issued by the police judge of the city of Elizabethtown, on the ground that the affidavit for the search warrant was insufficient. There being no other evidence tending to show the guilt of appellee, her motion for a peremptory instruction was sustained. The commonwealth has appealed, for the purpose of having the law certified.

The affidavit reads in part as follows:

"The affiants, Malcolm Searcy and Will Carver, say that Charles Cain Thomas has spirituous and intoxicating liquor in her dwelling house or on her premises, or some outhouse adjoining her dwelling house, in Elizabethtown, Hardin county, Kentucky, for the reason that they saw said liquor in jugs, and other receptacles in said house."

The trial court excluded all evidence as to the finding of any liquor upon appellee's premises, because the affidavit did not fix the time when the affiants saw the liquor. The trial court no doubt was influenced in making the ruling complained of by the commonwealth by the opinion in Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18, in which the affidavit was held insufficient. But in that case the affiant expressed a mere belief that liquor was possessed, and gave as his reason for such belief that "he smelled the odors of intoxicating liquors and mash arising from and coming out of said premises," without fixing the time that he smelled such odors. In the instant case the affiants stated as a fact that "Charles Cain Thomas has spirituous and intoxicating liquor in her dwelling house." This fact was necessarily ascertained through one of the five senses, and the statement in the affidavit that affiants saw the liquor

did not weaken or qualify the preceding statement of an existing fact.

In Blackburn v. Commonwealth, 202 Ky. 751, 261 S. W. 277, the affidavit read in part:

"The affiant upon oath states that there is now in the possession of Floyd Blackburn spirituous liquors; that same is being sold in violation of the prohibition law."

In discussing the sufficiency of the affidavit it was said:

"It is not simply the expression of opinion, or the mere repetition of a rumor; it is a direct charge of the commission of an offense, based upon the actual knowledge of the person making the charge. We have heretofore held such an affidavit sufficient."

In Fugitt v. Commonwealth, 220 Ky. 768, 295 S. W. 1072, the affidavit contained the following statement:

"Affiant further states that said Millard Fugitt is unlawfully manufacturing intoxicating liquor and keeping the same for sale in his above-described dwelling house."

The court said:

"This statement being one of ultimate fact, the affidavit is sufficient."

Also see Fowler v. Commonwealth, 204 Ky. 525, 264 S. W. 1075.

The affiants fixed the time of the unlawful possession of the liquor as the present, and stated it as an existing fact, and the mere statement of their reason for knowing that the liquor was then in the possession of the accused was surplusage. As heretofore stated, they necessarily ascertained the facts stated through one of their five senses, and necessarily ascertained them in the past. As said in Neal v. Commonwealth, 203 Ky. 353, 262 S. W. 287:

"There is a manifest and material difference in the statement by an affiant that he believes there is whisky in a described place, and his statement he knows there is whisky there. In the one instance he avoids, and in the other he assumes, responsibility for the truth of his averment, and it is this difference that marks the dividing line between the cases."

Here the affiant stated that facts constituting probable cause existed at the time the affidavit was sworn to, and the police judge therefore had reasonable grounds for believing them to exist, if in his judgment the affiants were worthy of belief. It follows that the trial court erred in holding the affidavit insufficient, and in excluding the evidence obtained by reason of the search warrant.

The foregoing is certified as the law of the case.