## Moore v. Commonwealth.

November 21, 1947.

John J. Winn, Judge.

Lester Hogge and Thomas D. Theobald, Jr. for appellant.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Jack Moore, was convicted in the Rowan quarterly court of violating the local option law, KRS 242.010 et seq., which had been adopted in that county, and was punished by the assessment of a fine of $100 and imprisonment in the county jail for 30 days. He prosecuted an appeal to the Rowan circuit court

where he was again convicted and received the same punishment. His motion in that court was overruled and he has filed in this court the record with a motion for an appeal which is hereby granted.

After the case reached the circuit court appellant entered a motion to quash the affidavit filed in the quarterly court as a basis for a search warrant which that court issued, and also to quash the warrant itself. Both motions were overruled, and the order of the court in so doing constitutes the only ground argued for a reversal.

The only evidence heard at the trial in the circuit court was that given by the sheriff and his assistants, who executed the search warrant, in which they stated that they found two or three bottles of beer in the refrigerator in appellant's place of business, and later found in his residence, situated nearby his place of business, which the search warrant directed the sheriff to also search, nine cases of beer and "eight or nine" bottles of wine. Defendant did not testify nor did he introduce any witness in his behalf, but rested his case entirely upon his motions, supra.

The affidavit, dated July 1, 1946, upon which the county judge issued his search warrant, says:

"Ruby Howard first being duly sworn states she went to Jack Moore's in company with Raymond Gulley, Fae Johnson, and Fae McGuire. This affiant states that she saw Raymond Gully and Wilburn Howard buy 3 pts. of whiskey and some beer. They paid $5.00 pint for whiskey and 50c for beer. This affiant saw this purchase.

"This affiant states they came to Cecil Bowling and Raymond Gulley and Cecil Howard bought 2 pints of whiskey and 4 bottles of beer.

"This affiant states that Raymond Gulley was driving car and that he was drunk."

It will be perceived that the affiant did not state either of three essentials necessary to authorize the issuing of a search warrant directing the sheriff to search the premises of appellant, which are: That no date was given as to when the affiant witnessed the purchases of

liquor to which she referred in her affidavit; nor did she state that the purchase was made from the appellant himself or from any clerk in his employ acting under his implied direction; nor did she state that the place of business, nor any of the premises adjacent thereto, were located in Rowan County.

The sheriff testified that the searched premises were "5 or 6 miles west of Morehead," while the search warrant stated that the premises directed to be searched were located "about 7 miles west of Morehead, Kentucky, in Rowan County." No witness testified as to their actual location. Neither the maker of the affidavit, nor any of her companions who made the purchase that she described, testified, thus leaving as the only evidence of appellant's guilt that given by the searching posse, which was obtained through the execution of the search warrant.

In the case of Commonwealth v. Dincler, 201 Ky. 129, 255 S. W. 1042, we held that when an affidavit by the purchaser of liquor from defendant therein failed to state when that purchase was made it did not authorize the issuing of a search warrant of defendant's premises. In so holding we said:

"It will be observed that the affidavit does not show when the liquors were sold or possessed at the place of Dincler, but merely that the witness had purchased intoxicants at that place."

That the affidavit to procure a search warrant should so state, as declared in that case, has never been modified by us. On the contrary in numerous later cases we affirmed the rule as so declared in the Dincler case. It therefore results that the court erred in overruling appellant's motion to quash both the affidavit and the search warrant issued thereon, and also erred in failing to sustain appellant's motion for a peremptory instruction of acquittal, since with the evidence discovered by the officers in executing the warrant eliminated, there was no testimony whatever of defendant's guilt of the offiense with which he was charged.

Wherefore the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.