Frank HENSON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 23, 1961.

John J. Tribell, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The affidavit for the search warrant under which the incriminating evidence in this local option case was obtained stated that the defendant "now has in possession," unlawfully, at the premises therein described a quantity of alcoholic beverages, and "that knowledge of these facts *was gained* in the following manner, to-wit: Observation, in person." (Italics added.) Nowhere did it state when the personal observation took place. For this reason it is contended that the affidavit was insufficient to support the warrant.

It seems to be the general rule in other jurisdictions that in order to show "probable cause" the affidavit for a search warrant must contain a particular statement as to the time when the observation occurred, even though made by the affiant himself. See annotation, 162 A.L.R. 1406–1418. "If an affidavit is made on affiant's own knowledge, he must disclose in the affidavit the facts on which his knowledge is based." 79 C.J.S. Searches and Seizures § 74, p. 870.

The rule that the affidavit is defective unless it discloses the time at which the observation was made definitely applies in Kentucky if the affidavit shows on its face that it is based on information or belief. See, for example, Com. v. Dincler, 1923, 201 Ky. 129, 255 S.W. 1042; Abraham v. Com., 1924, 202 Ky. 491, 260 S.W. 18; Vanhook v. Com., 1933, 247 Ky. 81, 56 S.W. 2d 702; Barton v. Com., 1935, 257 Ky. 419,

78 S.W.2d 310; Duncan v. Com., 1944, 297 Ky. 217, 179 S.W.2d 899; and Webb v. Com., Ky.1960, 339 S.W.2d 177. And in Moore v. Com., 1947, 306 Ky. 22, 206 S.W.2d 69, the same rule was applied where the affidavit, though based on the affiant's own knowledge, recited her observations in the past tense without referring to the time. However, it is also held in this state that "the statement of the ultimate fact, as a fact and not merely on information and belief, is sufficient to establish reasonable or probable cause." 79 C.J.S. Searches and Seizures § 74, p. 871. Though it seems to have originated (in Mattingly v. Com., 1923, 197 Ky. 583, 247 S.W. 938, 940) by way of dictum in which great positivity of assertion served in lieu of specific supporting authority, this rule has become solidly entrenched. See Mattingly v. Com., 1923, 197 Ky. 583, 247 S.W. 938, 940; Caudill v. Com., 1923, 198 Ky. 695, 249 S.W. 1005, 1006; Walters v. Com., 1923, 199 Ky. 182, 250 S.W. 839, 841; Bowen v. Com., 1923, 199 Ky. 400, 251 S.W. 625; Moore v. Com., 1923, 200 Ky. 419, 255 S.W. 77; Blackburn v. Com., 1924, 202 Ky. 751, 261 S.W. 277; Neal v. Com., 1924, 203 Ky. 353, 262 S.W. 287; Wells v. Com., 1927, 221 Ky. 796, 299 S.W. 975; Abshire v. Com., 1924, 204 Ky. 724, 265 S.W. 304; Munson v. Com., 1923, 201 Ky. 274, 256 S.W. 393; Blackburn v. Com., 1924, 202 Ky. 751, 261 S.W. 277; Fowler v. Com., 1924, 204 Ky. 525, 264 S.W. 1075; Hubbard v. Com., 1925, 207 Ky. 76, 268 S.W. 839; Maier v. Com., 1925, 210 Ky. 441, 276 S.W. 116; Duckwall v. Com., 1925, 212 Ky. 90, 278 S.W. 562; Cosby v. Com., 1926, 215 Ky. 758, 286 S.W. 1038; Wellman v. Com., 1927, 219 Ky. 323, 292 S.W. 779; Fugitt v. Com., 1927, 220 Ky. 768, 295 S.W. 1072; and Com. v. Thomas, 1928, 225 Ky. 603, 9 S.W.2d 719.

In Com. v. Thomas, 1928, 225 Ky. 603, 9 S.W.2d 719, two affiants alleged that one Charles Cain Thomas " 'has spirituous and intoxicating liquor in her dwelling house or on her premises * * * for the reason that they saw said liquor in jugs,' " etc.

The trial court excluded the evidence found by the search, because the affidavit did not fix the time when the affiants saw the liquor. This action was based on Abraham v. Com., 1924, 202 Ky. 491, 260 S.W. 18, in which an affidavit stating the affiant's *belief* that liquor was illegally possessed at a certain place because he smelled the odor of it emanating from the premises was held insufficient. This court, however, distinguished the Abraham case as follows:

"But in that case the affiant expressed a mere belief * * * and gave as his reason for such belief that 'he smelled the odors of intoxicating liquors and mash arising from and coming out of said premises,' without fixing the time that he smelled such odors. In the instant case the affiants stated as a fact that 'Charles Cain Thomas has spirituous and intoxicating liquor in her dwelling house.' This fact was necessarily ascertained through one of the five senses, and the statement in the affidavit that affiants saw the liquor did not weaken or qualify the preceding statement of an existing fact. * * * The affiants fixed the time of the unlawful possession of the liquor as the present, and stated it as an existing fact, and the mere statement of their reason for knowing that the liquor was then in the possession of the accused was surplusage."

The opinion goes on to say (quoting from Neal v. Com., 1924, 203 Ky. 353, 262 S.W. 287) that the difference between the affiant's saying he believes the fact to exist and saying it does exist is that in the one case he avoids, while in the other he assumes, responsibility for the truth of the averment, from which it follows that in the latter instance the magistrate has reasonable grounds, and hence probable cause, for believing the facts to exist if in his judgment the affiant is worthy of belief.

■■ . In the case before us the affidavit makes a direct charge that the defendant

"now has" the intoxicating liquor and beer in illicit possession. Had it gone on to show that this positive statement was based on information or belief it would have been necessary to treat it on the latter basis. Emberton v. Com., Ky.1954, 269 S.W.2d 206. But the Thomas case leaves little doubt that under the "ultimate fact" theory the additional words, "observation, in person," do not compromise the efficacy of the affidavit. Yet where one swears before a magistrate that liquor or other property is presently in the illegal possession of another, no matter how direct and positive he may be, it cannot be avoided that some period of time, be it long or short, has elapsed since he acquired the information, and this is true whether he observed the fact himself or heard it from another who had observed it. The person whose premises are searched may, of course, in the one case have an enforceable cause of redress while in the other he may not, but that in itself is not a substitute for his constitutional protection against an unreasonable search. Aside from eminent domain and certain wartime powers there is no theory under which a man's constitutional rights may be appropriated or invaded merely because he will be compensated. The showing of time goes to the matter of probable cause, Webb v. Com., Ky.1960, 339 S.W.2d 177; Abner v. Com., Ky.1957, 298 S.W.2d 314; 79 C.J.S. Searches and Seizures, § 74, p. 870; and in that particular respect this court is unable to find a reasonable distinction between personal observation and the observation of another reputable informant. Therefore, to the extent that the opinions herein cited hold that if the affidavit states the existence of the illegal possession, as an ultimate fact, it need not state how and when the fact was observed, they are overruled.

That the affidavit is couched in terms whereby the affiant may be made to pay for his error should not be confused with or substituted for the "probable cause" that must exist before the rights of privacy secured by § 10 of the Constitution may be invaded. The necessity for a simple statement of how and when an allegedly existing fact was observed could be unreasonable or burdensome only to one who actually does not have enough reliable information to justify the warrant. The onus of being specific is little enough price for the suspension of so valuable a right.

We find no merit in the other assignments of error in the case, but are of the opinion that the evidence secured through execution of the search warrant was improperly admitted.

The judgment is reversed.