Oscar **FARMER**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1970.

Lester H. Burns, Jr., R. Cletus Maricle, John M. Lyttle, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Oscar Farmer, was convicted for possessing alcoholic beverages for sale in local option territory, in Clay County, and sentenced to thirty days in jail and fined $100. We affirm.

The appellant contends that the affidavit for a search warrant was not sufficient to justify issuance of the warrant and that the subsequent search consequently was il-

legal. The pertinent part of the affidavit says:

"* * * he further states that he bases the foregoing affidavit and his belief and the grounds for same upon the following facts and for the reasons:' that on January 14, 1970 at 5:00 p. m. he picked up Grant Hatfield at Hector, Ky., and said Grant Hatfield asked him, affiant, to drive him to Oscar Farmer's place of business above described to buy some liquor that upon arriving at premises above described Grant Hatfield went inside Gas Station and came out with James 'Honey' Woods, same James 'Honey' Woods went upstairs of said premises and came back downstairs and took ·Grant Hatfield behind Filling Station above described and said Grant Hatfield then immediately returned to car with one-half pint of Tom Moore whiskey; that affiant observed all of above facts between 5:00 & 5:30 p. m. on January 14, 1970, at the above described premises in Clay County, Kentucky * * *".

It is to be noted that nowhere upon or in the affidavit does the affiant state or allege that the said James "Honey" Woods was the agent, servant or employee of the defendant, Oscar Farmer, nor does it allege that the said James "Honey" Woods was acting under the direction or authority of Oscar Farmer.

The appellant points out in the case of Moore v. Commonwealth, 306 Ky. 22, 206 S.W.2d 69, on page 70, col. 1 (1947), this court said:

"* * * (1) It will be perceived that the affiant did not state either of three essentials necessary to authorize the issuing of a search warrant directing the sheriff to search the premises of appellant, which are: * * *; *nor did she state that the purchase was made from the appellant himself or from any clerk in his employ acting under his implied direction; * * *".* (Emphasis added).

■ In the case at bar, the search warrant itself described the premises to be searched as "now used and occupied by Oscar Farmer and James 'Honey' Woods" as well as describing its location and the purposes for which it was used. In Commonwealth for Use and Benefit of City of Paintsville v. Melvin, Ky., 256 S.W.2d 513 (1953) we also said, "* * * the object of an affidavit for a search warrant is not to charge all of the elements or prerequisites of a given offense. It is intended merely to supply written evidence of facts which are such that a reasonably discreet and prudent person would have probable cause for believing that an offense has been committed and evidence material to a prosecution of the offense might be obtained under the search, "citing Prater v. Commonwealth, 216 Ky. 451, 287 S.W. 951. In the case at bar, the connection between the crime charged and the premises to be searched was adequately stated in the affidavit and to allege or charge in the affidavit that James "Honey" Woods was the agent or employee of the accused was not required which, as a result, forces us to disavow so much of the aforequoted language in Moore v. Commonwealth, above, as indicates otherwise. The specific charge against the accused was supplied by the indictment.

■ The introduction in evidence of the search warrant was not prejudicial; it merely disclosed the authority under which the officers acted when they searched the place finding a half pint of vodka and unnumbered empty beer and whiskey cartons, etc.

■ Appellant also objected to the introduction of reputation evidence disclosing the accused's reputation for dealing in alcoholic beverages on the ground that it did not say whether it was his current reputation in that respect. We think its whole tenor meant his reputation at the time of the questioning. Had there been any doubt about this, cross-examination of these witnesses might have disclosed it, but cross-examination was not undertaken on this issue.

The appellant requested an affirmative instruction to the jury concerning his failure to take the stand in his own defense. The failure of the court to give such an instruction was not prejudicial to the accused. In fact, as was said in Hopper v. Commonwealth, Ky., 371 S.W.2d 646 at page 648 (1963), where no such request was made, "It is our view that such an instruction would do more harm than good * * *". We still think so and hence conclude that the failure of the court to give it in this case was not erroneous or prejudicial. See Stanley on Instructions, Sec. 786, for comment and citations.

In Instruction #1 the trial court told the jury " * * * if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Oscar Farmer, on or about the 15th of January 1970, in Clay Circuit Court being dry local option territory did unlawfully, illegally * * *" have alcoholic beverages for sale, then you should find him guilty. We think the accused and his counsel as well as the jury knew the court meant Clay County. We look upon this slip of thought as a non-prejudicial, nonconfusing, alliterative smirk, a harmless error. RCr 9.24.

The judgment is affirmed.

All concur.