## Caudill and McLemore v. Commonwealth.

(Decided April 20, 1923.)

### Appeal from Simpson Circuit Court.

1. Searches and Seizures—Only Reasonable Description of Premises is Required.—Constitution, section 10, relating to searches and seizures, requires only a reasonable description of the premises to be searched, and the statement of facts sufficient to create in the mind of the officer issuing the warrant probable cause to believe the facts sought to be discovered existed.

2. Searches and Seizures—Affidavit Stating Facts Which Show Offense was Committed is Sufficient.—An affidavit for a search warrant is sufficient if it states as a fact that the person referred to has committed a named offense, or that the place, or places to be searched contained the evidence sought to be obtained.

3. Intoxicating Liquors—Affidavit Held to Show Probable Cause for Warrant.—An affidavit stating as a fact that upon the premises and in the house of a named individual intoxicating liquors were unlawfully sold or manufactured, or disposed of, was sufficient to creat probable cause in the mind of the officer who issued the warrant.

4. Intoxicating Liquors—Description of Premises in Warrant Held Sufficient.—A description of the premises to be searched as the residence and outbuildings and premises adjacent thereto, and the

farm of the defendant, the location of which was described with reasonable certainty, was sufficient.

5. Intoxicating Liquors—Long Duration of Bad Reputation Does not Render it Inadmissible.—While a bad reputation which existed only at a distant period, followed by a reformation, would be inadmissible against an accused under the prohibition act of 1922 the fact that his bad reputation for the sale of liquor, which the witnesses stated existed at the time of the trial, had existed for a number of years past does not render evidence as to such reputation inadmissible.

6. Criminal Law—Instruction as to Guilt of Joint Defendants Held Cured.—Even if the first instruction in a prosecution against two defendants was susceptible to a construction authorizing a conviction of both defendants if the jury believed either of them was guilty, the error was cured by the second instruction, which authorized an acquittal if the jury entertained a reasonable doubt as to the defendants, or either of them, having been proved guilty.

7. Criminal Law—Error in Instruction as to Guilt of Joint Defendants Held Harmless.—Even if an instruction in a prosecution of two defendants for violating the prohibition act was erroneous as permitting a conviction of both if the jury believed either was guilty, the error was harmless where the evidence for the Commonwealth left no doubt of the guilt of each defendant.

MOORE & MOORE and RODES & HARLIN for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellants, Caudill and McLemore, were convicted in the Simpson circuit court of the offense of unlawfully possessing spirituous, vinous and intoxicating liquors for other than permitted purposes, and they appeal from the judgment and through their counsel urge two errors as grounds for reversing it, which are (1), incompetent and irrelevant evidence introduced by the Commonwealth over their objections, and (2), erroneous instructions. The alleged erroneous evidence complained of in ground (1) consisted in (a), the insufficiency of the affidavit and the search warrant issued thereon, and (b), incompetent testimony relative to the character and reputation of defendants.

It is admitted, and indeed could not be denied, that if the evidence relating to the possession was competent it proved the offense beyond all reasonable doubt, since under the search made on the premises of Caudill and upon which his co-defendant resided as a tenant, resulted in the discovery of ten gallons of moonshine whiskey in

the custody of defendants and three hundred gallons of wine in one of the barns on the premises; and the only question concerning this objection is whether the affidavit and warrant issued thereon complied with the legal requirements as laid down in prior opinions of this and other courts. The affidavit was made by the sheriff of the county and in it he stated that "at the house or on the premises or farm where C. H. Caudill lives, in Simpson county, Kentucky. on the L. & N. Pike, about two or three miles south of Franklin, intoxicating liquors are being sold, or manufactured, or disposed of, or illegally possessed in violation of law." The warrant directed the officer to whom it was issued to search the residence "and outbuildings and premises adjacent thereto" and the farm of the defendant Caudill whereon they were located and the contents found therein and described the location of the farm with reasonable certainty. Our constitutional provision relating to searches and seizures is section 10 of that instrument and it requires only a reasonable description of the property or premises to be searched, and that facts shall be stated sufficient to create in in the mind of the officer issuing the warrant "probable cause" to believe that the offense was committed or that the facts sought to. be discovered existed. We held in the recent case of Mattingly v. Commonwealth, 197 Ky. 583, wherein the sufficiency of such an affidavit was discussed and determined, that if it stated the existence of the *facts* concerning which the search related it would be sufficient. Upon that point we therein said: "Of course, all the courts hold that if the affiant states, as a fact, that the person referred to has committed a named offense, or that the place or places to be searched contain the evidence sought to be obtained, it will be sufficient." The cases and authorities referred to in that opinion fully support that excerpt and we deem it unnecessary to further elaborate the point. The affidavit in this case stated as a fact that upon the premises and in the house of the defendant, Caudill, intoxicating liquors were sold or that they were manufactured or disposed of or that in or upon such property intoxicating liquors were disposed of, we are clearly of the opinion that the affidavit was sufficient to create "probable cause" in the minds of the officer who issued the warrant and that he was therefore authorized to do so. We are likewise convinced that the property and premises of the defendant were sufficiently described in the warrant.

Concerning objection (b), to the evidence complained of therein some of the witnesses who testified to the reputation of the defendants as permitted under the 1922 Act, commonly known as the ''Rash-Gullion Act,'' and after the taking effect of which the offense was committed, stated that the reputation was bad and had been continuously so since witness became acquainted with defendant and such acquaintance was shown to extend back a number of years prior to the commission of the offense. It is argued against the competency of that evidence that it should so nearly relate to the time of the commission of the offense as to have some bearing upon the probability of defendants' guilt and that it was error to permit the witnesses to state what the reputation of defendants was at a distant period in the past. If the proven reputation existed only at that distant period followed by a reformation the contention would no doubt be correct, but the fact that it existed at the time of the alleged offense and at the time of the trial and had done so continuously through a number of years will not render it incompetent. The statute makes bad reputation in such cases competent evidence and the length of time which the defendant has consumed in building up that reputation will not render the fact of its existence incompetent. It is, therefore, quite clear to us that this objection is without merit.

It is claimed under contention (2), that instruction number 1, given by the court, authorized a conviction of both defendants if the jury believed that either of them was guilty, but we do not so interpret it, but if it was susceptible to such a construction, instruction number 2, also given by the court, corrected that error for it authorized an acquittal if the jury entertained a reasonable doubt ''as to the defendants *or either of them* having been proven guilty.'' Besides, the evidence for the Commonwealth, which we have held was competent, left no doubt of the guilt of each defendant, and if the instructions as a whole had contained a technical error it would be impossible to hold that it operated to the prejudice of any of the substantial rights of either of them.

The record as a whole convinces us that the defendants were guilty beyond a reasonable doubt, and finding no error prejudicial to their substantial rights, the judgment is affirmed.