### Wilkerson v. Commonwealth.

(Decided October 9, 1923.)

## Appeal from Hopkins Circuit Court.

1. **Intoxicating Liquors—Affidavit for Warrant for Search of Automobile Held Sufficient.**—An affidavit that defendant and others were bringing liquor to the town and delivering the same in an

automobile for several months, about two trips being made each week, arriving in the nighttime, the automobile visiting a number of houses commonly known to be bootlegging joints, on which occasions a package was delivered that affiant believed to be liquor, and that liquor was found in the houses into which the packages were carried, etc., held sufficient to support warrant for search of the automobile.

2.    Searches and Seizures—Description of Property to be Searched in Warrant.—Constitution, section 10, relating to search warrants, does not require absolute accuracy, but a description that reasonably identifies the article or place to be searched is sufficient.

3.    Intoxicating Liquors—Description of Automobile to be Searched Held Sufficient.—A search warrant describing an atuomobile to be searched as "one roadster automobile, make and license unknown, but believed to be Buick or Oakland, and operated by O. (defendant) and a negro called Buster," was sufficient.

F. J. PENTECOST for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirm-ing.

The appellant was convicted of unlawfully transporting intoxicating liquor. His only complaint is to the alleged insufficiency of an affidavit and search warrant introduced as evidence.

It appears that, acting under the authority of a warrant, the officers searched his auto and discovered therein fifteen gallons of moonshine liquor, this being detailed in the evidence before the jury.

The affidavit reads as follows:

"The affiant, Chas. G. Franklin, states that Otto Wilkerson and a negro named 'Buster' have been bringing liquor into Madisonville and delivering the same in an automobile for several months past. He says that these two parties make about two trips each week from Henderson county to Madisonville, arriving in the nighttime and visiting during the night a number of houses commonly known as bootlegging joints; that on these occasions they deliver a package that affiant believes is liquor; that immediately after their departure liquor has been found in the houses into which the packages were carried. He says that he was informed a few minutes ago that the two parties were on their way from Henderson county to Madisonville with a roadster automobile loaded with

liquor; that his informant was a man named Williams, but he does not know his given name; that his informant claimed to have seen the men *en route* and to have seen a large jug in the car, which he believes contains liquor; the name of the car and the license number is unknown to affiant but he believes the car is either a Buick or an Oakland. He says that he has affidavits in his possession showing that said parties have been delivering liquor to Grant Raglan, Harvey Nisbet, Emma Norris, Coy Creekmur and many other citiezns of Madisonville and Earlington.

"(Signed) CHAS. G. FRANKLIN.

"Subscribed and sworn to before me by Chas. G. Franklin this the 12 day of Dec., 1922.

"T. T. BARTON,
"Clerk Hopkins Quarterly Court."

The warrant reads as follows:

"TO THE COMMONWEALTH OF KENTUCKY:

"To any sheriff or any constable or marshal of Hopkins county,

"Greeting:

"It appearing from the affidavit of two reputable citizens of Hopkins county filed before me that there are reasons to suspect and believe that intoxicating liquors are stored and being sold and disposed of in violation of law on the following named premises in Hopkins county, Ky., to-wit: One roadster automobile, make and license number unknown, but believed to be Buick or Oakland and operated by Otto Wilkerson and a negro called 'Buster.'

"You are therefore commanded to make search of said premises by night or by day for the detection of any intoxicating liquors which are kept there for the purpose of sale or other disposition in violation of law, and if admission be not given on demand made, you shall force an entrance into such house, building or other place and seize any intoxicating liquors, and arrest the keeper, or person in charge, of such house, building, other place, or intoxicating liquors, and carry such person or persons before the undersigned, or some other justice of the peace of Hopkins county to be dealt with according to law.

"Given under my hand this the 12 day of Dec., 1922.
"G. C. GIVENS, Judge Hopkins County Court."

Without elaboration we are of the opinion that the affidavit is sufficient. Goode v. Commonwealth, 199 Ky. 758.

It is urged that the search warrant was indefinite in that it did not indicate the kind of auto or its location.

Section 10 of the Constitution provides:

"No warrant shall issue to search any place or seize any person or thing without describing them as nearly as may be . . . "

This provision of the Constitution does not require absolute accuracy, but a description that reasonably identifies the article or place to be searched is sufficient. One could not describe the location of an automobile while the same was in transit. The make of the automobile under the circumstances could not be given, but it was described as being a Buick or an Oakland roadster, and operated by Otto Wilkerson and a negro called "Buster." It is thus seen that the auto and its location are identified by the presence of its owner, together with its description, and this distinguishes the present case from that of Taylor v. Commonwealth, 198 Ky. 728, which applied to real estate. The latter could be searched in the absence of the owner and a description of its location was necessary. We think this sufficiently identified the car to authorize a search.

Perceiving no error the judgment is affirmed.