### CRAWFORD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 7, 1925.)

No. 4258.

Criminal law ⊛394—Searches and seizures ⊛7—Search held not made by federal authority.

The fact that prohibition agents, at the request of the police accompanied them while executing a search warrant procured by them, but took no part in the search, did not render it one made under federal authority, so as to render evidence obtained thereby inadmissible under Const. Amend. 4.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Criminal prosecution by the United States against A. T. Crawford. Judgment of conviction, and defendant brings error. Affirmed.

Walter P. Lincoln, of Louisville, Ky. (Edwards, Ogden & Peak, of Louisville, Ky., on the brief), for plaintiff in error.

Lilburn Phelps, Asst. U. S. Atty., of Louisville, Ky. (W. Sherman Ball, U. S. Atty., and Claude Hudgins, Asst. U. S. Attys., both of Louisville, Ky., on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

PER CURIAM. Police officers of the city of Louisville procured a search warrant from a justice of the peace and with it "raided" Crawford's premises. They searched his house and found nothing. In the cellar of a garage building on the same lot, 75 feet away, finding a hidden trap-door in the floor, they opened it and in a subcellar found a distilling outfit and a large quantity of intoxicating liquor and the materials for its manufacture. In this prosecution, later brought in the court below for the unlawful possession of this liquor, the only substantial question was whether the search and seizure were so wrongful that the evidence was inadmissible.

Two federal prohibition agents were along on the raid at the request of the police, but they did not go into the house nor enter the garage until after the discovery was made. There was no display of federal authority, nor any claim of such authority, nor any yielding, in fact or in supposition, to such authority. Even if the search and seizure in the garage were assumed to be of an unreasonable character, which would have brought them within the inhibitions of the Fourth Amendment, if made by federal officers, it is clear that there was no such participation by them as to bring these prohibitions into effect. Weeks v. U. S., 232 U. S. 383, 389, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Timonen v. U. S. (C. C. A. 6) 286 F. 935; MacDaniel v. U. S. (C. C. A. 6) 294 F. 769, 772.

If the question of the effect of violation of the state Constitution by the police officers were open in this court, we would, of course, be obliged to follow the Kentucky Court of Appeals, and we could not be sure that there was any such violation. Goode v. Com., 199 Ky. 755, 252 S. W. 105; Wilkerson v. Com., 200 Ky. 399, 255 S. W. 76. And see Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. ——.

The judgment is affirmed.