## Smith v. Commonwealth.

(Decided October 20, 1925.)

### Appeal from Daviess Circuit Court.

1. Searches and Seizures—Search Warrant Held Sufficiently Accurate to Locate Property with Reasonable Certainty.—A search warrant, describing property as a one-story house, No. 707, and barber shop combined, near a blacksmith shop, naming city and county, and occupied by Paul Smith, was valid, though street was omitted, as sufficiently accurate for a small town to locate property with reasonable certainty.

2. Searches and Seizures—Search Warrant Not Aided in Describing Property by Affidavit on which it is Based.—A search warrant is not aided as to description of premises by affidavit on which it is based.

3. Searches and Seizures—Description of Property, from which Evidence was Obtained, Held Not to Show Material Variance from Description in Search Warrant.—Where officer, under a search warrant describing premises as No. 707, labeled evidence procured as from No. 709, and it appeared that there was a residence No. 707, connected with a shop which was No. 709 there was no material variance between premises described in warrant and those searched.

4. Intoxicating Liquors—Evidence Held Sufficient to Submit Question of Whether Liquor was Intoxicating to Jury.—Testimony by officers, who seized liquor, that they found it to be intoxicating, together with defendant's reputation that he was a dealer in intoxicating liquor, was sufficient evidence of character of liquor to submit to jury question of whether it was intoxicating.

FLOYD J. LASWELL and W. W. KIRTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE · COURT BY JUDGE McCANDLESS—
Affirming.

On this appeal from a conviction for the unlawful
possession of intoxicating liquor it is urged as grounds
for reversal (1) that the search warrant upon which the
evidence was procured was invalid; (2) that the place
searched was not the place described in the warrant; (3)
that the evidence did not show that the liquor found was
intoxicating.

(1)   It is claimed that the warrant is indefinite, in
that, the property to be searched cannot be located or
identified by the description, which reads: "That one-
story dwelling house, No. 707, and barber shop combined
near a blacksmith shop in the city of Owensboro, Daviess
county, Kentucky, and other places adjacent thereto and
occupied by Paul Smith."

The affidavit upon which the warrant was based con-
tained the same description, with the additional words,
"Situated on Main street."   However, the officer pro-
ceeds under the warrant alone and it is not aided by the
affidavit; therefore, it is essential for the warrant to de-
scribe the property to be searched with sufficient accur-
acy to locate it with reasonable certainty.   Taylor v.
Commonwealth, 198 Ky. 728; 33 C. J. 682. Here the name
of the street upon which the property is located is omit-
ted; otherwise the property is described with precision
and is referred to as being occupied by Paul Smith.   In
a large city such description might be inadequate, but in
a city the size of Owensboro, where the officers are pre-
sumably acquainted with all the places of business and
their occupants, and where it is altogether improbable
that more than one man named Paul Smith would be oc-
cupying a one-story dwelling house and barber shop com-
bined, near a blacksmith shop, and corresponding to
number 707, such description is reasonably sufficient.

(2)   The witness Kimmel testified that he was a
prohibition officer and that he knew the place of business
of Paul Smith and that he searched that place of business
under the search warrant named, and found two twelve
gallon jars full of home brew and in a state of fermenta-
tion, one twelve gallon jar in each room, eight or nine cold
bottles of beer in a back room and about one hundred bot-
tles just outside of the building in a coal house which was
near the building.   He destroyed all of the liquor except
one bottle upon which he put a label for the purpose of

identification reading: "The defendant, Paul Smith, 709 W. Main street, Owensboro, Ky., soft drink stand and barber shop. Date of arrest, Aug. 4, 1924, by officer W. C. Kimmel. Witnesses, W. C. Kimmel, H. B. Brown, Charlie Hays and Newt Troglen, Owensboro, Ky."

It is argued from this that the place raided was 709 and not 707, and, therefore, not the place described in the warrant. It appears, however, from the evidence that there was a residence connected with the barber shop. No doubt this was the No. 707 referred to in the warrant and that the entrance to the business house was No. 709, both of which would be on the same side of the street, consequently there is no material variance between the premises described in the warrant and those searched.

(3) W. C. Kimmel testified that he tasted and smelled the liquor found on the premises and that it was intoxicating. B. N. Troglen, the policeman who assisted in the search, testified that he examined the liquor and that from his experience it was intoxicating. Also several witnesses testified that defendant's reputation was that of an illicit dealer in intoxicating liquor. A bottle of the liquor was introduced in evidence and inspected by the jury. This was sufficient evidence of the character of the liquor to submit to the jury the question as to whether or not it was intoxicating.

Perceiving no error, the judgment is affirmed.