## Prater v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Fleming Circuit Court.

1.  Searches and Seizures.—"Scripps-Booth Automobile Touring Car, license No. 232504," Held Sufficient Description in Warrant for Search of Car and Affidavit Therefor.—"Scripps-Booth automobile touring car, license No. 232504," held sufficient description in warrant for search of car and in affidavit therefor, though in warrant

itself word "license" was not used in connection with given number of car.

2. Searches and Seizures—Warrant for Search of Automobile "Now being Used and Occupied and Controlled by John Doe, et al.," Held Valid, where Defendant's Person was Not Searched, and Automobile was Sufficiently Described.—Warrant for search of automobile "now being used and occupied and controlled by John Doe, et al.," held valid, as against objection that there was insufficient description of person, where defendant's person was nōt searched, and automobile was sufficiently described.

3. Intoxicating Liquors.—Warant for search of automobile and affidavit therefor held not to constitute pleading preferring charge of transporting liquor against owner of car.

4. Arrest—Indictment and Information—Where Officers Searched Automobile Under Valid Search Warrant and Found Whiskey which Defendant was Illegally Transporting, Warrant of Arrest or Formal Written Pleading Preferring Charge of Transporting Liquor Held Unnecessary.—Where officers searched automobile under valid search warrant and found whiskey which defendant was illegally transporting, issual of warrant of arrset or other formal written pleading preferring charge of transporting liquor held unnecessary, since offense was committed in presence of officers.

5. Criminal Law.—Trial court held to acquire jurisdiction of defendant, arrested for offense of transporting liquor committed in presence of officers, when he was delivered to it by arresting officer.

O. R. BRIGHT and JOHN WAUGH for appellant.

FRANK E. DAUGHERTY, Attorney General; B. S. GRANNIS and J. D. PUMPHREY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.          •

Appellant, F. C. Prater, prosecutes this appeal from a judgment of the Fleming circuit court convicting him of illegally transporting liquor, and imposing upon him a fine of $150.00 and imprisonment in jail for 45 days as punishment.

Appellant's contention that the place or possession to be searched was not sufficiently described in the search warrant is not well founded. It was described in both the affidavit and search warrant as a "Scripps-Booth automobile touring car, license number 232504." It is true that in the search warrant itself the word "license" was not used in connection with the given number of the car. That omission, however, does not make a difference, because for purposes of identification of an automobile

in transit no other number could be used than that appearing upon the license plate. It is difficult to imagine a more definite description of the thing or possession to be searched under this search warrant than that given.

Appellant insists that since the search warrant commanded the search of the automobile "now being used and occupied and controlled by John Doe, et al.," there is not a sufficient description of the person to make the search warrant valid. That contention can not be sustained because this search warrant did not command that any person be searched, and, acting under it, the peace officers did not search the person of anyone. If the evidence used against appellant herein had been discovered by a search of his person there would perhaps have been some force to the argument advanced by appellant that he could not be searched under a search warrant which issued for John Doe with no other description or identification of the person to be searched. Such was not the case here, however, because the evidence used against appellant was discovered by searching the automobile and that was authorized by the search warrant because the automobile was particularly and exactly described therein.

Appellant insists that neither the affidavit nor warrant charges a public offense and that his demurrer should have been sustained. The affidavit for it and the search warrant itself do not contain the charges under which appellant was tried. In other words, they do not constitute the pleading preferring the charge of the Commonwealth against defendant. The affidavit for it and the search warrant were valid. Acting under the latter the peace officers searched the automobile described therein. They found two gallons of whiskey belonging to appellant which the search disclosed that he was then illegally transporting. He was committing that offense in the presence of the officers. In that state of case, as was fully written in Puckett v. Commonwealth, 210 Ky. 764, 276 S. W. 809, no necessity exists for the issual of a warrant of arrest or for any other formal written pleading preferring the charge against the defendant. Appellant was lawfully arrested for the offense he was committing in the presence of the officers. The trial court acquired jurisdiction of him when he was delivered to it by the arresting officer. No written pleadings were there-

after required. The Puckett case, *supra,* discusses those questions fully and no further discussion of them is deemed to be necessary.

Perceiving no error the judgment herein will be affirmed.