## Brock, et al. v. Commonwealth.

(Decided October 18, 1927.)

### Appeal from Harlan Circuit Court.

1. Larceny.—That indictment for grand larceny charged the defendants with stealing rpoperty of a certain corporation, and then charged that the stealing was done for the purpose of permanently depriving said corporation of its property, held not ground for reversal of judgment, in view of Criminal Code of Practice, section 128.

2. Criminal Law.—Where, in defendants' trial for grand larceny, affidavits of absent witnesses submitted by defendants were admitted as the depositions of such witnesses, the court did not, because of Criminal Code Prac. section 189, abuse its discretion in not requiring the commonwealth to admit the truth of the statements therein.

3. Criminal Law.—Defendant, on grand larceny charge, could not urge as ground for reversal an instruction that the jury was not authorized to convict one of the defendants without convicting all, where, in a separate instruction, the court authorized the jury to acquit any one or more of defendants, since instructions must be read together and considered as a whole.

4. Criminal Law.—A defendant cannot be convicted on the evidence of an accomplice alone, even if such evidence is clear and to the point.

5. Criminal Law.—Where, in grand larceny trial, much of the testimony was that of an accomplice, but there was some additional testimony as to defendant's movements on the night of the crime and the night following, held, that the accomplice's evidence was sufficiently corroborated to authorize submission of the case to the jury.

G. J. JARVIS for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants were jointly indicted with John A. Saylor on the charge of grand larceny. They were convicted and their punishment fixed at one year in the penitentiary. Several errors are relied on for reversal. It is insisted that the indictment is not good because it charges them with stealing property of the Harlan Wallins Coal Company, and, further on in the indictment, charges that the stealing was done for the purpose of permanently depriving the Harlan Wallins Coal Corporation of its property. This ground cannot be sustained. Criminal Code, section 128.

It is urged that the court should have required the commonwealth to admit the affidavit of defendant as to what he could prove by absent witnesses as true. The commonwealth was not required to admit the affidavit as to the satements of witnesses as true, and, as the affidavit as to the statements of absent witnesses was admitted as the deposition of such witnesses, there was no error, as the court did not abuse its discretion in not requiring the

commonwealth to admit the truth of the statements. Section 189, Criminal Code.

Another ground urged for reversal is that under the first instruction given by the court the jury was not authorized to convict one of the defendants without convicting all of them. Instructions must be read together and considered as a whole. In a separate instruction the court authorized the jury to acquit any one or more of the defendants, if they had a reasonable doubt as to the guilt of such defendant or defendants from the evidence. Caudill v. Commonwealth, 198 Ky. 695, 249 S. W. 1005; Stacey v. Commonwealth, 189 Ky. 402, 225 S. W. 37, 25 A. L. R. 490.

The most serious ground urged for reversal is that the court should have instructed the jury to find the appellants not guilty at the conclusion of all of the evidence. John A. Saylor, who was jointly indicted with appellants, testified for the commonwealth, and the substance of his testimony was that he and the appellants went on the property of the Wallins Harlan Coal Corporation and cut from a spool of copper wire about 1,500 pounds, which they removed and concealed on the river, awaiting a favorable opportunity to sell it for junk. He testified that they worked nearly all night in cutting the wire into such lengths as would enable them to handle it. His evidence is clear and to the point, but appellants could not be convicted on his evidence alone, as he was an accomplice. Evidence corroborating the testimony of Saylor is not entirely satisfactory; but, if there was enough evidence in corroboration to take the case to the jury, appellants have no reason to complain. Appellants admit that they were with Saylor in an automobile in the early part of the night on which the larceny was committed. They were seen together about 9 or 10 o'clock, and they admit that they were with Saylor until later in the night, when they say they left him and went to their homes. After the wire was stolen they were seen together; and on the night following they spent much of their time together. The wire was watched on the following night, as it was believed that they who had stolen the wire the night before would probably undertake to remove it. It is not shown that appellants went about the wire on the night following, but they were together at different points in the neighborhood. The witness Alabama North saw Saylor and the appellants near her home on the night the

wire was stolen.  Before she retired for the night she saw them in an automobile.  After she had been asleep for some time some noise aroused her and she saw the appellants and Saylor getting out of an automobile.  She did not know how long it had been after she first saw them until she saw them get out of the automobile, as she had been asleep.  During the night she heard a noise in the direction of where the wire was found, indicating that parties were moving something by dragging it on the ground.  It was this noise which aroused her from her sleep, and it was very soon thereafter that she saw the four get out of an automobile.  In a few days after the wire was stolen the appellants Lemon Brock and James Fugate left the state and went to Knoxville, where they remained some weeks.  The appellant James Fugate stated to John P. Saylor that he was going to give up, and that, if he got out of this trouble, he would never be caught in such any more.  John P. Saylor testified that they first tried to cut the wire with a hand axe, but, not succeeding very well, one of the appellants went to his home and obtained a double-bit axe, which was used in cutting up the wire.  It was shown that one of the appellants had a double-bit axe, and it was the only one in the neighborhood.  It seems to have disappeared about the time the crime was committed.

Taking into consideration the proven facts and circumstances, we cannot see that the testimony of John A. Saylor was not sufficiently corroborated to authorize the submission of the case to the jury.  The jury having found appellants guilty, and no error appearing in the record, the judgment must be affirmed.

Judgment affirmed.