# Commonwealth v. Elliott.

October 10, 1947.

James S. Forester, Judge.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellant.

Daniel Boone Smith and A. Joe Asher amici curiae.

E. L. Morgan for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Certifying the law.

This is an appeal prosecuted by the Commonwealth under secs. 335 and 337 of the Criminal Code of Practice to obtain this court's certification of the law relative to the sufficiency of a search warrant and of the supporting affidavit, since there are a number of other cases to be tried which involve similar warrants and affidavits.

Appellee, James Elliott, was convicted in the Harlan County Court of having liquor in his possession for the purpose of sale in local option territory. He appealed to the Harlan Circuit Court and the trial judge, after hearing all the evidence, sustained his motion for a directed verdict on the ground that the search warrant and the supporting affidavits were insufficient. Omitting the formal parts of these papers, they read:

"Affidavit

"The affiant says, he has now seen people going to and coming away from the accused premises in an intoxicated condition, and that accused harbours and keeps in and upon his premises sporting men, drunks, and vagrants who congregate there for illicit drinking and immoral purposes. Affiant further says, that, he has seen upon accused premises, quantities of empty bottles, caps, jugs, jars, lids, tubs, kegs, malt, and illicit still fictures.

"Affiant further says, that, illegal, untaxed, spirituous and intoxicating liquors are now being wrongfully· possessed, sold, transported, bartered, exchanged, and given away, by James Elliott, in, upon, and about his person, and in, upon, and about the premises he now occupies, or controls, and the premises adjacent thereto, also, in, upon, and about the following automobile or truck which is located in Harlan County, Kentucky, and

more fully described as follows, to-wit: Being a dwelling & storehouse at Bus stop, name of Jamestown on left side of road going up Cloverford, post office, Lejunior, Ky.

"Affiant further says, that said alcoholic liquors are not kept for sale or to give away for medicinal, scientific, sacramental or mechanical purposes, but that same is kept in violation of KRS Secs. Nos. 241.010 to 246.990 (244.990) inclusive.

"Search Warrant

"You are commanded to search the person of James Elliott, or the automobile, or truck, or the houses, the outbuildings and adjacent premises now used by the accused James Elliott, which is now located in Harlan County, Kentucky, and described as follows, to-wit:

Dwelling & store house at Bus stop

(Give name,    number,    size,    color,    location,    address,

Name of Jamestown on left side of road going up Cloverford, Post Office, Lejunior, Ky.

neighbor etc.)

and if you find in, upon, or about said person, property or premises, any illegal untaxed, spirituous and intoxicating liquors, or illicit stills not used for medicinal, scientific, sacramental, or mechanical purposes, you will seize and take possession of same, and deliver all of said material together with this writ to me at my office as speedily as possible."

Several captious objections are made to the affidavit by attorney for appellee, such as it charged him with having illegal and untaxed liquor on his premises for sale, while the liquor found in the basement of his home had a tax stamp on it, and that appellee possessed this liquor in violation of KRS 241.010 to 244.990, inclusive. It is immaterial whether the liquor appellee had in his possession was illicit or legally manufactured liquor in the event it was possessed by him in local option territory for the purpose of sale. Likewise, it is immaterial that the affidavit named an excessive number of statutes violated by appellee in possessing this liquor, as this was but surplusage. It would have been sufficient had the affidavit merely recited that the liquor

was possessed by appellee in local option territory for the purpose of sale without attempting to name the sections of the statutes which were violated.

Appellee's position is not tenable that the substance of the affidavit is insufficient to support the search warrant. One reading the affidavit above copied immediately sees that it states facts and not conclusions. When the affiant used the expression "he has now seen" the conduct and facts set out in his affidavit, it was equivalent to saying he had seen them "at this time." The search warrant was issued the same day the affidavit was executed, September 18, 1946. As the affidavit contained a positive statement of concrete facts upon which the county judge, who issued the warrant, might reasonably determine that probable cause existed for believing that the offense named had been committed, it was sufficient to support the warrant. Dukes v. Commonwealth, 196 Ky. 60, 244 S. W. 74; Mattingly v. Commonwealth, 197 Ky. 583, 247 S. W. 938; Burton v. Commonwealth, 274 Ky. 655, 120 S. W. 2d 213.

The criticism directed at the warrant is that it authorized a search of appellee, or the automobile, or truck, or houses, outbuildings and adjacent premises now used by him located in Harlan County; also, that the automobile, truck and premises were not sufficiently described. Further complaint is made that the warrant is duplicitous in that it charged the possession of intoxicating liquor as well as the possession of illicit stills.

No truck or car belonging to or in the possession of appellee was searched, therefore the fact that they were included in the warrant, but not sufficiently described, does not concern appellee. Prater v. Commonwealth, 216 Ky. 451, 287 S. W. 951.

A search warrant must sufficiently describe the property so as not to be a drag-net and leave to the discretion of the officer the place to be searched. 47 Am. Jur. p. 523, sec. 35. But we have written that it is not necessary to obtain separate affidavits and warrants for the search of different but accurately described premises. Boone v. Commonwealth, 206 Ky. 657, 268 S. W. 286. In the Boone opinion we upheld a search warrant which accurately described the premises as "726 South

Fourteenth street, and 728 South Fourteenth street'' which were two separate apartments under the same roof with no opening between them. We have upheld a search warrant describing the property as ''one frame house, barns, smokehouse and other outbuildings,'' Ingram v. Commonwealth, 200 Ky. 284, 254 S. W. 894, 895, and there said that such a description did not limit the search to the named buildings, but allowed such adjacent lands to be searched as were necessarily parts of the premises occupied by Ingram as a residence. If more than one place to be searched may be joined by the conjunction ''and,'' we see no reason why the warrant cannot likewise authorize the search of one or more of them. Wilkerson v. Commonwealth, 200 Ky. 399, 255 S. W. 76. Of course, any property not sufficiently described, like the truck or car referred to in the instant warrant, cannot legally be searched. We upheld an affidavit for a search warrant which described in the alternative three places where the liquor might be found. Caudill v. Commonwealth, 198 Ky. 695, 249 S. W. 1005.

The answer to the contention of appellee that the warrant is duplicitous in that it charges him with the unlawful possession of liquor for sale, as well as the possession of an illicit still, is that neither the affidavit nor the search warrant contain the charge under which appellee was tried, and they do not constitute the pleadings preferring the charges of the Commonwealth against him. Prater v. Commonwealth, 216 Ky. 451, 287 S. W. 951.

We come now to the last question raised, that the search warrant did not sufficiently describe the premises which were searched. The rule seems to be that a description is sufficient which enables an officer executing the warrant to locate the property definitely and with certainty, and a true legal description is not required. 45 Am. Jur. p. 522, sec. 35. By reading the description in the above-quoted search warrant it is readily seen that it is more definite than the descriptions we approved in Smith v. Commonwealth, 210 Ky. 698, 276 S. W. 495; Little v. Commonwealth, 205 Ky. 55, 265 S. W. 433; Caudill v. Commonwealth, 198 Ky. 695, 249 S. W. 1005. The officers had no difficulty in locating the premises to be searched from the description of it contained in the

warrant and it would therefore appear that the description was sufficiently accurate.

It is our opinion that although both the affidavit and the warrant were awkwardly drawn, they were sufficient to authorize the search the officers made of appellee's home, and we so certify this as the law.