## Gross v. Metcalf et al.

December 2, 1949.

Cleon K. Calvert for appellant.

James Sampson for appellees.

JUDGE THOMAS—Affirming.

Ambrose Metcalf, E. J. Baumgardner and Clarence Cox were on May 10, 1947, the duly appointed and acting county police officers of Harlan County, while A.

J. R. Howard was then its duly elected, qualified and acting county judge. The plaintiff, and appellant, Clark Gross, was at that time operating a roadhouse in the southern part of the county only one-half mile from the Bell County line. On that date, Metcalf, who was chief of the county police, went before the defendant, and appellee, Howard, County Judge, and filed his affidavit to procure a search warrant of plaintiff's premises to which he had given the attractive name of "Lake View," the premises being located in local option territory.

Metcalf and the other two county policemen searched plaintiff's premises at 12:30 A. M. on May 11, 1947, and found three cases of tax paid intoxicating liquor stored thereon. They confiscated the liquor and arrested Gross and carried him to Harlan for the purpose of delivering him to the county judge, whose office was then closed. He resided about six miles from Harlan and the officers left appellant in charge of the jailer while they journeyed to the home of the judge, but he was absent from there also. The jailer some two hours after plaintiff was placed in his custody permitted appellant to execute bond in the sum of $500 conditioned that he would appear before the county judge on the next day, whereupon he was released. Whether or not plaintiff was ever tried on the charge of violating the local option law, or if so, what the result of that trial was, appears nowhere in the record.

This false imprisonment action was filed by appellant in the Harlan circuit court on May 15, 1947, against the three police commissioners, their sureties, and against the county judge to recover judgment against them for the sum of $10,000 in damages for humiliation and mental anguish suffered and sustained by him because of his arrest and alleged imprisonment by the jailer for the short space of two hours. All the defendants filed demurrer to the petition as amended which the court sustained, and, plaintiff declining to plead further, his petition was dismissed, from which he prosecutes this appeal.

The basis of the claim that plaintiff was wrongfully arrested and his premises wrongfully searched is that the affidavit for the search warrant was insufficient in the description of the premises to be searched, and that

the warrant issued thereon was also insufficient for the same reason. For the purpose of clarity and understanding of the case we have concluded to incorporate herein both the affidavit of Metcalf and the search warrant issued by the county judge thereon. Omitting heading, signature and jurat, the affidavit of the defendant, Metcalf, is:

"The affiant says, he has now seen people going to and coming away from the accused premises in an intoxicated condition, and that accused harbours and keeps in and upon his premises sporting men, drunks, and vagrants who congregate there for illicit drinking and immoral purposes. Affiant further says that he has seen upon accused premises, quantities of empty bottles, caps, jugs, jars, lids, tubs, kegs, malt and illicit still fictures. (sic.)

"Affiant further says, that, illegal taxed & untaxed spirituous and intoxicating liquors are now being wrongfully possessed, sold, transported, bartered, exchanged, and given away, by Carl (sic) Gross, in upon, and about his person, and in upon, and about the premises he now occupies, or controls, and the premises adjacent thereto, also, in, upon and about the following automobile or truck which is located in Harlan County, Kentucky, and more fully described as follows, to-wit:

"Being a Roadhouse known as Lakeview on Harlan-Pineville Highway and small storage house about 300 feet west of said Roadhouse and used in connection with same & both about ½ miles East of Harlan-Bell Co. Line.

"Affiant further says that said alcoholic liquors are not kept for sale or to give away for medicinal, scientific, sacramental, or mechanical purposes, but that same is kept in violation of KRS Secs. Nos. 241.010 (242.010) to 246.990 (242.990) inclusive."

With the same omissions the search warrant says:

"You are commanded to search the person of Carl (sic) Gross or the automobile, or truck, or the houses, the outbuildings and adjacent premises now used by the accused Carl (sic) Gross, which is now located in Harlan County, Kentucky, and described as follows, to-wit: Roadhouse known as Lakeview about ½ mile East of

Harlan-Bell Co. line and small storage house about 300 ft. west of said Road house & used in connection of same, and if you find in, upon, or about said person, proper or premises any illegal taxed or untaxed, spirituous and intoxicating liquor you will seize and take possession of same, and deliver all of said material together with this writ to be at my office as speedily as possible.''

The defendant, Howard, in issuing the search warrant acted judicially for which he incurred no liability in issuing the search warrant, unless he did so arbitrarily and maliciously and for which he possessed no authority or jurisdiction to determine his right to issue it. As to the county police officers it is admitted by counsel for appellant that if the warrant under which they made the search of appellant's premises was fair on its face then they too would incur no liability resulting from the search. However, it is insisted that neither the affidavit in support of the search warrant, nor the latter, is fair on its face, and for which reason the peace officers may not be excused for the alleged wrong they committed in searching appellant's premises and arresting him.

In the case of Com. v. Elliott, 305 Ky. 554, 204 S. W. 2d 948, this court had the same questions here involved with reference to the sufficiency of descriptions of premises to be searched as contained in the affidavit for the search warrant and as contained in the warrant itself. Both the affidavit and the search warrant in that case were in substance the same as appears in the same attacked documents in this case.

In this case, as it will be perceived from the inserted affidavit, supra, the affiant says:

''* * * that, illegal taxed & untaxed spirituous and intoxicating liquors are now being wrongfully possessed, sold, transported, bartered, exchanged, and given away, by Carl (sic) Gross, in, upon, and about his person, and in, upon, and about the premises he now occupies, or controls, and the premises adjacent thereto, also, in, upon, and about the following automobile or truck which is located in Harlan County, Kentucky, and more fully described as follows, to-wit:'' That statement is followed by a description of the

premises to be searched wherein or whereon it is stated that the contraband intoxicating liquor is stored.

There could scarcely be two cases where the facts as contained in the affidavit upon which a search warrant is based, and as contained in the search warrant itself are so completely identical as appears in the Elliott case and in this one. We therefore hold that the contention as to the sufficiency of the affidavit and the search warrant issued thereon is without merit.

It is vigorously argued, however, as well as alleged in the petition, that the searching officers violated their duty in failing to take defendant after being arrested to a nearby justice of the peace of the county to release him on bond and be dealt with according to law, but instead carried him to the city of Harlan to be delivered to the county judge. This argument is endeavored to be supported by section 46 of the Criminal Code of Practice, but Chapter 242 of KRS was enacted long after the enactment of that section of the Criminal Code of Practice, and subsection (3) of section 242.370, KRS says:

"(3) If admission is not given on demand, the officers in forcing the warrant shall force an entrance into the premises or vehicle. If the officer finds that alcoholic beverages are being illegally sold, disposed of or possessed, he shall seize the alcoholic beverages, arrest the keeper or person in charge of the premises, vehicle or alcoholic beverages and carry the person arrested and the alcoholic beverages before the judge that has issued the warrant."

It will be perceived that the statute directs the executing officer of a search warrant to "arrest the keeper or person in charge of the premises, vehicle or alcoholic beverages and *carry* the person arrested and the alcoholic beverages before *the judge* that has issued the warrant." (Our emphasis.)

The search warrant in this case did not expressly direct the officers to arrest Gross, but the statute does so prescribe, and the officers violated no rights of plaintiff in following the provisions of the statute.

It follows that the court committed no error in sus-

taining defendants' demurrer to the petition and dismissing it upon plaintiff declining to plead further.

Wherefore, the judgment is affirmed.