**STRATTON et al. v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 15, 1951.

Lester Hogge, Morehead, O. R. Bright, Flemingsburg, for appellants.

A. E. Funk, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

The appellants were convicted of having in their possession in local option territory intoxicating liquors for the purpose of sale, and on this appeal assigned many errors as a basis for reversal including the contention that the search warrant is vague and uncertain and does not describe in detail the premises directed to be searched. The warrant reads as follows: "You are commanded to search the house now used and occupied by Lula Stratton and Henry Stratton as a residence, and the outbuildings and premises adjacent thereto (said residence is situated in Fleming County, Kentucky), and if you find on said premises or in or about said residence or buildings illegal, illicit, spirituous, vinous, intoxicating liquor you will seize and take possession of the same and deliver them together with this writ to me at my office as speedily as possible."

The affidavit upon which the search warrant was based gave a more particular description of the location of the home of appellants, but we have held that a search warrant must be sufficient in itself. In the case of Smith v. Commonwealth, 210 Ky. 698, 276 S.W. 495, 496, it was said: "The affidavit upon which the warrant was based contained the same description, with the additional words, 'situated on Main street.' However, the officer proceeds under the warrant alone, and it is not aided by the affidavit, therefore it is essential for the warrant to describe the property to be searched with sufficient accuracy to locate it with reasonable certainty."

The search warrant above quoted states only that the resident of appellants is situated in Fleming County, Kentucky. In the case of Taylor v. Commonwealth, 198 Ky. 728, 249 S.W. 1035, 1036, where the search warrant was similarly general in description, we said: "We believe that appellant's objection to the search warrant is also well taken. It does not go into the full detail of the location of the premises of appellant directed to be searched, but it does describe them in a very general and remote way. Todd county is large and covers much territory. We are of opinion that a description like that set forth in the warrant under consideration was insufficient to enable the officer with certainty to find and search the premises mentioned therein."

Wherefore, the judgment is reversed.