Alvin HINES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12029.

Criminal Court of Appeals of Oklahoma.

Oct. 6, 1954.

Pat Malloy, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Alvin Hines plaintiff in error, defendant below, was charged by information in the court of common pleas of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquors alleged to have been committed on or about the 26th day of June 1953 in said county and state, it being therein alleged that he was being in unlawful possession of a large quantity of tax paid intoxicating liquors, to wit, 40½ pints of Hill & Hill, 16½ pints of Cascade, 8½ pints and 3⅕ gallon of Belmont, 8½ pints and 3⅕ gallon of Old Forrester, 16½ pints and 6⅕ gallon of Walker's Gin and 3½ pints of Gilbey's Gin. A jury was waived and the defendant was tried by the court. He was found guilty and his punishment fixed at 60 days in the county jail and a $100 fine; judgment and sentence was entered according-

ly, from which this appeal has been perfected.

■ Before the trial on the merits the defendant filed a motion to suppress the evidence on the ground that the same was unlawfully obtained in violation of his constitutional rights, Art. 2, § 30, and the statutes of the State of Oklahoma. The record discloses that the search warrant was issued upon an affidavit containing the following description:

"That said liquors are being disposed of and kept by one John Doe, whose more full and correct name is to affiant unknown, in the manner aforesaid in and/or on the following described motor vehicle situated in Tulsa county, Oklahoma, towit: A certain automobile bearing license number Oklahoma 1953 39–3693, which said motor vehicle is being used in secreting, storing and transporting intoxicating liquors in and on the streets, alleys of the City of Tulsa, and the highways and roads of Tulsa county, Oklahoma."

An objection was made that the description was inadequate in that it did not give the make of the car, the color or the model thereof as a part of the description. In Prater v. Commonwealth, 216 Ky. 451, 287 S.W. 951, wherein a John Doe warrant described the automobile to be searched as a Scripps-Booth automobile bearing car license No. 232504, therein it was said:

"* * * for purposes of identification of an automobile in transit no other number could be used than that appearing upon the license plate. It is difficult to imagine a more definite description of the thing or possession to be searched under this search warrant than that given."

We are of the opinion that the description contained in the search warrant was entirely sufficient to describe the automobile and the search and seizure was therefore not invalid for that reason.

■ It is further urged that the search warrant was invalid for the reason that the officers obtaining the search warrant knew the name of the owner of the

car and had knowledge that he was coming into Tulsa with a load of whiskey. In this connection the record discloses that Sheriff Field who was the only witness called to testify on the motion to suppress, when asked if he knew whether the automobile belonged to Alvin Hines the defendant, replied, "I did not get the search warrant. I would not have any way positively of knowing who the car belonged to." Mc-Cann v. State, 87 Okl.Cr. 387, 198 P.2d 436, holds if the name of the person to be searched is known it should be stated in the warrant and the place should be particularly described. If the name of the owner is not known, it should be so stated in the search warrant but where there is no evidence to show that the officer who executed the affidavit for search warrant knew that the defendant was the person occupying the premises described in the affidavit it was not error to overrule the motion to suppress the evidence in the absence of evidence showing that the officer executing the affidavit knew 'the defendant was the person occupying the premises. The same reasoning applies to the driver or occupant or owner of an automobile. Deputy Sheriff Bell who executed the affidavit for the search warrant was not called upon to testify. We have therefore no way of knowing whether he knew the identity of the defendant as being the person who would be occupying, driving or owner of the automobile. In this regard the defendant failed to sustain the burden of proof.

■ Finally the defendant contends that the search and seizure was without authority of law because the officer did not have the search warrant in his possession at the time of stopping the defendant's car on the highway. This contention is predicated upon the following facts. Three automobiles containing officers were used in effecting this search and seizure. Deputy Sheriff Johnson proceeded down the road about a mile distant from Sheriff Field and Deputy Sheriff Bell. Sheriff Field and Deputy Sheriff Bell had stopped another automobile and while engaged in regard to this automobile the defendant's automobile bearing the license tag and number drove by. Sheriff Field communicated this fact to Deputy Sheriff Johnson down the highway who stopped the defendant's automobile. Sheriff Field proceeded down the road to where Deputy Sheriff Johnson had stopped the defendant Hines. Neither Sheriff Field nor Deputy Sheriff Johnson was in possession of the search warrant. Defendant Alvin Hines got out of his automobile and came over to Deputy Sheriff Johnson and Sheriff Field where they told him to wait there a moment or two that they had a search warrant to search the automobile. The warrant was directed to the sheriff, deputy sheriff or any other officer authorized by law to serve criminal process. Deputy Sheriff Bell a few seconds thereafter came and served the search warrant on defendant Hines. Thereafter the record discloses they proceeded to search defendant Hines' automobile and found the quantity of liquor hereinbefore referred to. The defendant's automobile was never out of sight of Sheriff Field, or of Deputy Sheriff Bell. The fact the warrant was not in the possession of Sheriff Field when he stopped the automobile is of no consequence since it was in the possession of the deputy acting in concert with him. Seay v. State, 93 Okl.Cr. 372, 228 P.2d 665. We are of the opinion that in the case at bar the officers were acting in concert and had the warrant in their possession and were able to exhibit the same immediately after stopping the automobile, as authority for making the search before any search was attempted of the automobile as described therein. If the officers had not informed the defendant in the case at bar that they had a search warrant and if they had attempted the search before the search warrant was served the search and seizure would have been invalid; but under the conditions herewith presented the search and seizure was entirely legal. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.