THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ADELAIDA RODRÍGUEZ ZAYAS, Defendant and Appellant.

No. 14185.   Argued November 7, 1949.—Decided November 17, 1949.

*Ramón G. Goyco* for appellant.   *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The appellant was accused of a violation of Act No. 220 of 1948, approved May 15, and known as the *Bolita* Act. She was found guilty and sentenced to serve six months in jail.

The evidence showed that while some public officers, upon an order issued therefor, were searching the residence

of José Rivera, the defendant came out running from the house with a can of crackers; that one of the agents making the search caught up with her and, after seizing the can and opening it, he found inside thereof over six thousand shares of the game known as "bolipool." The defendant lived in one of the rooms of Rivera's house. When the can was seized, she did not say anything but burst out crying.

In the prosecution against her the material seized in the aforesaid can of crackers was presented in evidence, over her objection, on the ground that it had been illegally seized because the search warrant was not issued against her. In this appeal she alleges that the court erred in admitting the afore-mentioned evidence.

Appellant's contention is untenable. In the first place, her objection to the admission of the evidence was not raised on time. She knew, from the moment the material in the can was seized, that it could be offered in evidence at the trial. If she was seeking to challenge said seizure and obtain its suppression as evidence, she should have done it prior to the trial. *People* v. *Nieves*, 67 P.R.R. 283; *People* v. *Figueroa*, 59 P.R.R. 909, and *People* v. *Capriles*, 58 P.R.R. 551.

The exceptions to the general rule to which we referred in the cases of Nieves and Capriles, *supra*, do not rise from the facts proved.

It was shown that a house was being searched according to law, on a proper search warrant. Under these circumstances, if one of the persons living in the house searched comes out running with a package in his hands, the agents making the search are empowered to stop him and search the package which said person is attempting to take out of the house. *Munson* v. *Commonwealth*, 256 S.W. 393, wherein it was decided that, when some policemen armed with a search warrant against X, knocked at the door of the house in which X and his brother Z lived and the latter

stepped from the house running with a suitcase and when caught he threw the suitcase from him it being discovered that said suitcase contained liquors, the search was not illegal for the fact that Z tried to run away was an important element in the case and that the evidence was competent and admissible. Even though the situation is not identical with the one in the case at bar, it was held in *People* v. *Sierra*, 49 P.R.R. 496, 498, that:

"    .    .    .    .    .    .    .    .    .

"The. fact that a warrant was issued to search the house of Juan Sierra Alvira and that Juan Sierra Córdova was charged with the commission of the offense does not constitute error if in fact the latter had conducted in that house a clandestine lottery prohibited by law. The proper procedure in a case of this kind is to have the search warrant issued against the occupant of the premises. If the evidence sought is found therein and another person turns out to be the guilty one, the latter has no right to attack the warrant on the ground that the same was not issued against him. . ."

If the search made in this case were not held legal, a great number of search warrants would be made a mockery, for the illegally possessed material, could easily be taken out of the premises sought to be searched at the moment the search is being made. A warrant issued to search a house, without the warrant confining itself to a certain room or part of said house, covers everything that is found in the house when the search is to be made. In like manner it covers every object that might be attempted to be taken out of the house at the same time that the search is being made. If in the case at bar the can would have remained inside the house, there is no doubt that it could have been seized by the police. When appellant ran with the can, taking it out of the house at the very instant the search was being made, she committed the offense of carrying, in the presence of the policemen, the material which was seized inside the can, that is, over six thousand shares of "bolipool."

*People* v. *Rosado*, 62 P.R.R. 187, and *People* v. *Nieves*, *supra*, cited by appellant, are on their facts easily distinguishable and inapplicable to the present case.

The judgment should be affirmed.